**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Oscar A. KENNARD, Defendant-Appellant.**

**No. 85-3098.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 5, 1986 *.

Decided Sept. 11, 1986.

Roger M. Olsen, Robert E. Lindsay, David F. Axelrod, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Phillip M. Margolin, Portland, Or., for defendant-appellant.

Before WRIGHT, GOODWIN, and NELSON, Circuit Judges.

PER CURIAM:

We reverse the judgment and conviction on four counts of failing to file income tax returns and submitting false withholding certificates to an employer, and we remand to the district court for further proceed-

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 3(f).

ings. We recognize that the district judge was presented with continued efforts by Kennard to delay the first trial, to disrupt it, and to demean it.

All of these actions were sufficient provocation for appropriate sanctions. Nevertheless, the court erred in denying the appellant the right to counsel and a brief continuance to obtain an attorney.

Kennard had once been tried on the charges and a mistrial was declared when the jury could not reach a verdict. At the first trial, Kennard had waived his right to counsel, after being advised that he should have an attorney. He proceeded with advice from a lay adviser at counsel table, offered a vigorous defense, called witnesses, and made appropriate motions.

The second trial was scheduled only two working days after the mistrial. The government informed the court that it would call a new witness, not called at the first trial, and would have other exhibits. The defendant then moved for a continuance so that he might have an attorney to represent him. The motion was denied, the case proceeded to trial, this time without Kennard's lay assistant to aid him because the judge objected to the demeanor and appearance of the lay person.

 Denial of a continuance is reviewed for a clear abuse of discretion. *United States v. Flynt,* 756 F.2d 1352, 1358 (9th Cir.), *amended on other grounds,* 764 F.2d 675 (1985). But the sixth amendment right to counsel is so fundamental that we may not countenance a denial of the right absent a clearly expressed waiver, voluntarily given. *Johnson v. Zerbst,* 304 U.S. 458, 464–65, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) (presumption against waiver); *Adamson v. Ricketts,* 789 F.2d 722, 727 (9th Cir.1986) (en banc) (discussing waiver of constitutional rights). There was no waiver here before the second trial.

That there had been a waiver earlier has no effect on Kennard's rights at a second trial. *Cf. Arnold v. United States,* 414 F.2d 1056, 1059 (9th Cir.1969) (valid waiver carries forward through all stages of a case unless appointment in subsequent stage is expressly requested), *cert. denied,* 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970). When the court prohibited him from using what aid he might have from his lay assistant, he was forced to go to trial unprepared and unassisted. "The fundamental role of the right to counsel is to guarantee assistance of counsel at trial, when the defendant is confronted with both the intricacies of the law and the advocacy and power of the state." *Cahill v. Rushen,* 678 F.2d 791, 800–01 (9th Cir.1982) (citing *United States v. Ash,* 413 U.S. 300, 309, 93 S.Ct. 2568, 2573, 37 L.Ed.2d 619 (1973)). We reject the government's contention that, once a waiver of counsel has been given, a defendant is forever precluded from asking for an attorney in a later proceeding.

REVERSED.