UNITED STATES of America,
Plaintiff–Appellee,

v.

Humberto LECHUGA, Defendant–
Appellant.

No. 91–3007.

United States Court of Appeals,
Seventh Circuit.

Argued April 1, 1992.

Decided Sept. 18, 1992.

As Corrected Sept. 28, 1992.

R. Jeffrey Wagner (argued), Penelope C. Fleming, Office of U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

James M. Shellow (argued), Robert R. Henak, Dean A. Strang, Shellow, Shellow & Glynn, Milwaukee, Wis., for defendant-appellant.

Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

After his May 24, 1988, arraignment for possession of cocaine with intent to distribute and conspiracy therefor, defendant Humberto Lechuga was released on bail on the condition that he make all court appearances and report each week to the U.S. Pretrial Services Office. The magistrate judge who presided over the arraignment advised Lechuga that his narcotics trial was set for July 5, 1988. Four days before that trial date, Lechuga's probation officer reminded defendant that he was required to attend the July 5, 1988, trial before Judge Gordon at 10:00 a.m. in Milwaukee, Wisconsin.

When Lechuga's case was called for trial on July 5, only his co-defendant appeared. Consequently the district judge revoked Lechuga's bail and issued a bench warrant for his arrest. Lechuga was not located until over two years later. On April 8, 1991, a federal marshal found Lechuga in a Chicago apartment carrying a false Illinois driver's license in the name of Margarito Medina, and possessing an airplane ticket in that name for a May 26, 1991, trip to Los Angeles. A week after he was located, Lechuga was indicted under 18 U.S.C. § 3146(a)(1) for failure "to appear before a court as required by the conditions of his release."

In May 1991, a jury found Lechuga guilty of both counts in the narcotics case and subsequently Judge Gordon sentenced him to concurrent sentences of 75 months' imprisonment. In June 1991, a jury found defendant guilty of the § 3146 failure to appear charge. For that crime, Judge Curran sentenced defendant to 25 months' imprisonment, to be served consecutive to the sentence in the narcotics case. In reaching that sentence, Judge Curran rejected the pre-sentence report's recommendation that the defendant receive a two-level decrease for acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G.") § 3E1.1. It is from that proceeding before Judge Curran that Lechuga now appeals.

Lechuga raises numerous challenges to his conviction and sentence under 18 U.S.C. § 3146. We affirm that conviction but remand for resentencing, as requested by both parties.

Admission of certified court records

■ Defendant first objects to the district court's admission of nine government exhibits (Exhibits 3, 4, 6, 7, 8, 9, 10, 11 and 13). Those exhibits consist of various court records, which include an Order Setting Conditions of Release, an Appearance Bond, and minutes from several court proceedings. Each of the public documents

contained the required certification, and each was admitted as a self-authenticating document. See Rule 902(4) Federal Rules of Evidence. The defendant makes no objection to the authentication, and indeed concedes that the documents were appropriately determined to be self-authenticating (Br. 16). Nevertheless, he contends that the documents should not have been admitted because they contain hearsay and because the government failed to lay a foundation for their admission. According to the defendant, in order to admit the documents, the government must prove that the makers of the documents, such as the magistrate judge or the court clerk, were unavailable for trial. He also asserts that the documents must meet hearsay exceptions such as the exception for recorded recollections. In that vein, the defendant suggests, for example, that before the government may admit the certified minutes of court proceedings, the court clerk must testify that she no longer remembers the events transcribed, but recorded them when the matter was fresh in her memory.

Even if these documents are hearsay, the defendant's argument is easily rejected by reference to Rule 803 of the Federal Rules of Evidence entitled Hearsay Exceptions; Availability of Declarant Immaterial. Rule 803 provides in relevant part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * (8) **Public Records and Reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

■ When an authorized person certifies facts asserted in public records and reports, such as the fact that defendant was released on bond, or the fact that at arraignment the magistrate judge instructed Lechuga to appear at trial on July 5, those assertions are admissible under the public records exception to the hearsay rules. *In the Matter of Oil Spill by the Amoco Cadiz,* 954 F.2d 1279, 1307–1308 (7th Cir. 1992), *United States v. Lumumba,* 794 F.2d 806, 815 (2d Cir.1986), certiorari denied, 479 U.S. 855, 107 S.Ct. 192, 93 L.Ed.2d 125. The court records at issue in this case were properly received in evidence under Rule 902(4) and Rule 803(8) of the Federal Rules of Evidence. *United States v. Kord,* 836 F.2d 368, 376 (7th Cir.1988), certiorari denied, 488 U.S. 824, 109 S.Ct. 72, 102 L.Ed.2d 49, *Oriental Health Spa v. City of Fort Wayne,* 864 F.2d 486 (7th Cir.1988).

Admission of tape recording of arraignment and plea

■ Defendant also challenges the admission of government Exhibit 12, a certified copy of the tape recording of the May 24, 1988, arraignment and plea before Magistrate Judge Goodstein in *United States v. Humberto Lechuga,* 769 F.Supp. 1056, (involving conspiracy and possession of cocaine). That tape shows, among other things, that the magistrate ordered Lechuga to appear at trial on July 5, 1988. This exhibit bore the following certification signed by the deputy clerk and dated June 24, 1991:

> U.S. District Court, Eastern Dis. of Wis. I hereby certify that this is a true and correct copy of the original now remaining of record in my office. Sofron B. Nedilsky, Clerk.

This certification establishes that the tape recording was a "true, accurate and authentic" recording of the May 24, 1988, arraignment and plea as required by *United States v. Carrasco,* 887 F.2d 794, 802 (7th Cir.1989). Since Exhibit 12 was a certified copy of a public record, it was admissible under Rules 803(8) and 902(4) of the Federal Rules of Evidence. *Oriental*

*Health Spa v. City of Fort Wayne*, 864 F.2d 486, 490 (7th Cir.1988).

Jury Instruction

■ Defendant next submits that his requested instruction 11 should have been given by the trial judge. It provided as follows:

> In order for the government to convict Mr. Lechuga it must prove beyond a reasonable doubt that Judge Gordon revoked Mr. Lechuga's bond after 10:00 a.m. on July 5, 1988.

The defendant's proffered instruction is not a correct statement of law. Section 3146(a) of Title 18 of the United States Code states that "Whoever, having been released under this chapter knowingly—(1) fails to appear before a court as required by the conditions of his release * * * shall be punished as provided in subsection (b) of this section." In order to prove a violation under § 3146(a)(1), the government must prove that the defendant 1) was released on bail, 2) was required to appear in court, 3) was aware of this required appearance, 4) failed to appear as required, and 5) was willful in his failure to appear. *United States v. McGill*, 604 F.2d 1252 (9th Cir.1979), certiorari denied, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671. Even assuming arguendo that the district court revoked Lechuga's bail at 9:55, the state's ability to prove these five elements was not frustrated. Unlike *United States v. Castaldo*, 636 F.2d 1169 (9th Cir.1980), on which Lechuga relies (Br. 32–33), this case does not involve a defendant's failure to appear for a trial that was scheduled after the defendant was already a fugitive from the law, having failed to appear for an earlier court date. The instruction was rightly refused.

Application of Sentencing Guidelines

■ At sentencing on the obstruction offense the district court computed Lechuga's criminal history score as including his conviction for the underlying narcotics charge. Therefore the court sentenced Lechuga within the guideline range for a base offense level of 15 and a criminal history category of II. However, as the United States Sentencing Commission recently clarified when it added Application Note 4 to guidelines § 2J1.6, if the defendant is sentenced on the underlying offense before being sentenced on the failure to appear offense, "criminal history points for the sentence imposed on the underlying offense are to be counted in determining the guideline range on the failure to appear offense only where the offense * * * constituted a failure to report for service of sentence." Lechuga's case involved a failure to report for trial, not a failure to report for service of sentence. Thus his conviction for the drug offenses should not have increased his criminal history category. The proper category is category I rather than category II. Accordingly, the applicable sentencing range for the obstruction offense should have been 18–24 months, rather than 21–27 months. As such, the 25–month sentence imposed by Judge Curran was outside the permissible guideline range.

■ For the purpose of remand, and in the event that Lechuga's underlying conviction is upheld, we address the appropriate manner of sentencing under the guidelines when, at separate trials, a defendant has been convicted of an underlying offense and of failure to appear for trial. When a defendant is convicted in separate trials of two crimes that would be grouped if they had been consolidated in a single trial, the second trial court should impose a total sentence commensurate with that which the defendant would have received had the offenses been grouped at a single trial. This is so even if the second court must depart downward from the guidelines to achieve such a result. This procedure accords with the sentencing guidelines' purpose "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553. The goal of eliminating unwarranted sentence disparities directly pertains to the grouping provisions which were devised "in order to limit the significance of the formal charging decision." Introductory Comment, Section 3, Part D—Multiple Counts. Thus in the second trial, the district court must impose a total sentence equal to that which

would have been imposed in a single trial. See U.S.S.G. § 5G1.3(b) and Commentary.

When a defendant has been convicted of an underlying offense and a failure to appear offense at a single trial, the Application Notes to the guidelines explicitly provide that those offenses should be grouped for sentencing. Application Note 3 to § 2J1.6 to the November 1, 1991, guidelines provides that "in the case of a conviction on both the underlying offense and the failure to appear [other than a failure to appear for service of sentence], the failure to appear is treated under § 3C1.1 (Obstructing or Impeding the Administration of Justice) as an obstruction of the underlying offense; and the failure to appear count and the count(s) for the underlying offense are grouped together under § 3D1.2(c)." See also Application Note 6 to § 3C1.1. Although the Application Notes to the guidelines in force at the time of Lechuga's sentencing were slightly less explicit, they nevertheless lead to the same result. Application Note 6 to § 3C1.1 of the November 1990 guidelines states: "Where the defendant is convicted both of the obstruction offense and the underlying offense, the count for the obstruction offense will be grouped with the count for the underlying offense under subsection (c) of § 3D1.2 (Groups of Closely–Related Counts). The offense level for that group of closely-related counts will be the offense level for the underlying increased by the 2–level adjustment specified by this section, or the offense level for the obstruction offense, whichever is greater."[1] Under those Application Notes, if Lechuga had been convicted of both offenses during one trial, the failure to appear offense (Case No. 91–CR–115) would have been treated as an "Obstruction" of the underlying drug offenses (Case No. 88–CR–59). This grouping would result in a two-level enhancement for the obstruction offense. When added to the defendant's base offense level of 26 for the drug offenses, that enhancement would have yielded a Level 28 offense, and a sentencing range of 78 to 97

months' imprisonment. In this case then, the total sentence imposed on Lechuga for the underlying offenses and the obstruction offense may not exceed 97 months unless there are grounds for upward departure. Since Judge Gordon sentenced Lechuga to two concurrent 75–month sentences, Judge Curran's sentence for the failure to appear offense could not exceed 22 months.

Of course, this analysis pertains only if Lechuga's underlying drug conviction is upheld. If that conviction is reversed, Judge Curran should resentence the defendant for the failure to appear offense as though that offense is his sole conviction.

**Denial of credit for defendant's acceptance of responsibility**

■ Judge Curran did not award defendant the two-level reduction he sought for acceptance of responsibility as set forth in U.S.S.G. § 3E1.1. A district court's determination of a particular defendant's acceptance of responsibility is a factual determination to which we defer absent evidence of clear error. Here the court denied defendant that reduction, which was reasonable based on the defendant's failure to surrender voluntarily and based on his own false identification to officers in Chicago. The ruling was not erroneous. *United States v. Knorr*, 942 F.2d 1217, 1223 (7th Cir.1991).

Defendant's conviction is affirmed but the cause is remanded to Judge Curran for resentencing.

---

**1.** The November 1990 Application Note 3 to § 2J1.6 is not to the contrary. That Note merely provides that ordinarily the penalty for a failure to appear offense will not be increased by an obstruction enhancement.