993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Keith L. MAJORS, Defendant/Appellant.
 Nos. 92-2641, 92-3309.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 12, 1993.*
Decided May 13, 1993.
 
 Before BAUER, Chief Circuit Judge, and EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Keith Majors challenges the sentences entered in two separate criminal proceedings. He claims that the sentences violate the United States Sentencing Guidelines ("Guidelines"). Because the sentence in the first proceeding is appropriate, we affirm. Nevertheless, because the district court failed to group sentencing in the second proceeding with the first, we vacate the second sentence and remand.
 
 I.
 
 2
 A federal grand jury returned an indictment against Keith Majors on August 22, 1991, charging him with one count of violating 18 U.S.C. § 1029(a)(2) (unauthorized use of an access device), five counts of violating 42 U.S.C. § 1708 (unlawful possession of access devices), and one count of violating 42 U.S.C. § 408(g)(2) (false representation of a Social Security account number). After being taken into custody, Majors was released on $300 cash bail pending trial. On January 13, 1992, Majors pleaded guilty to counts 1, 2, 5, and 7 of the indictment and continued to remain free on bail pending his sentencing date of March 24, 1992.
 
 
 3
 Shortly thereafter, the government filed a motion to revoke Majors' release due to United States Postal Service allegations that Majors purchased goods with fictitious credit card and Social Security card numbers. The district court scheduled a hearing on the motion for February 13, 1992. Majors did not appear. The court then issued a bench warrant for his arrest and return. One month later, German authorities arrested Majors in Germany pursuant to an INTERPOL request for assistance. When Majors returned to the United States, the district court revoked Majors' bond and placed him in custody.
 
 
 4
 At sentencing, the district court (Judge Curran presiding) enhanced Majors' offense level by two points for obstruction of justice and denied a two-point reduction for acceptance of responsibility. The court noted that, although Majors otherwise qualified for a reduction, his wilful failure to appear at the scheduled hearing mandated both an enhancement for obstruction and a denial of a reduction. The court then sentenced Majors to twenty-four months imprisonment based on an offense level of eleven.
 
 
 5
 Two months later, the district court (Judge Warren presiding) sentenced Majors on his guilty plea to the "failure to appear" charge. Although the court reduced Majors' offense level by two points in recognition of the previous two-point enhancement for obstruction of justice, the court nevertheless refused to group the two cases together for sentencing purposes and imposed a ten month sentence consecutive to the previous twenty-four month sentence. Majors timely appeals both sentencing orders.[1]
 
 II.
 
 6
 We begin our review by addressing the district court's decision to enhance Majors' offense level by two points for obstruction of justice and to deny a two-point reduction for acceptance of responsibility. We review such factual determinations with substantial deference to the lower court; we will not upset a district court's findings unless they are clearly erroneous. United States v. Jones, 983 F.2d 1425, 1429, 1434 (7th Cir.1993); see also U.S.S.G. § 3E1.1, comment. (n. 5) (1992).
 
 
 7
 In the present case, the district court based its decision to enhance Majors' offense level on Comment 3(e) to the Guidelines which states that "willfully failing to appear, as ordered, for a judicial proceeding" is an "example[ ] of the type[ ] of conduct to which this enhancement applies." U.S.S.G. § 3C1.1, comment. (n. 3(e)) (1992). We cannot say that the lower court's decision to enhance the offense level was clearly erroneous. Although Majors claims that he fled the United States because his life was in danger, he concedes that he "willfully fail[ed] to appear," and thus qualifies for the two-level enhancement. See United States v. Lechuga, 975 F.2d 397, 401 (7th Cir.1992) (holding that a defendant's failure to appear at trial or a hearing would result in a two-level enhancement for obstruction of justice).
 
 
 8
 Addressing the district court's refusal to reduce Majors' offense level by two points for acceptance of responsibility, we reach the same conclusion. The district court found that Majors "ha[d] a valid argument for acceptance of responsibility," but was not entitled to a reduction because of his flight from the country. This decision is supported by Comment 4 to the Guidelines which states, "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment. (n. 4) (1992). Given the deferential standard of review which we must apply, we cannot say that the district court's determination was clearly erroneous. We therefore affirm both the district court's grant of a two-level enhancement and denial of a two-level departure.
 
 
 9
 Turning to the sentence imposed for "failure to appear," we note initially that our review of a district court's interpretation of the Guidelines is de novo. United States v. Jones, 983 F.2d 1425, 1429 (7th Cir.1993). That is, we independently review the district court's refusal to group the underlying convictions and the "failure to appear" conviction together for purposes of sentencing. See Id. Majors argues, and the Government concedes, that the district court erred by failing to group sentencing on the "failure to appear" charge with sentencing on the underlying convictions. In support, they cite our recent decision in United States v. Lechuga, 975 F.2d 397 (7th Cir.1992), in which we stated "[w]hen a defendant has been convicted of an underlying offense and a failure to appear offense ... the Application Notes to the guidelines explicitly provide that those offenses should be grouped for sentencing." Id. at 401. Given this clear statement of the law, we conclude that the district court's independent sentence of ten months imprisonment is in error and must be vacated. We therefore remand this case to the lower court for appropriate resentencing.
 
 III.
 
 10
 For the foregoing reasons, we AFFIRM the district court's sentence on the underlying charges and REMAND for resentencing on the failure to appear charge.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Because the parties did not request oral argument, the appeal has been submitted on the briefs
 
 
 [1]
 Given the related nature of the two appeals, the court has consolidated their review pursuant to Fed.R.App.P. 3(b)