46 F.3d 1147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gust Marion JANIS, Defendant-Appellant.
 No. 93-50497.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Decided Jan. 18, 1995.
 
 Before: BROWNING, ALDISERT,* and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * The colloquy between Janis and the district court at the hearing on Janis's motion to represent himself was adequate to establish that his waiver of the right to counsel was knowing and intelligent. See United States v. Robinson, 913 F.2d 712, 715 (9th Cir.1990). The record demonstrates that Janis understood the nature of the charges against him and the potential sentence he was facing. The district court also explained to Janis that he would have limited access to a law library,[1] that he would have to abide by the same rules as any other lawyer, and that as an inmate at a pretrial detention facility he would have a difficult time representing himself. This was sufficient to establish that Janis understood the dangers and disadvantages of self-representation. See United States v. Arlt, Nos. 92-50467, 92-50517, slip op. 14635, 14646 (9th Cir. Dec. 1, 1994).
 
 
 3
 Janis's statement that he had a heart condition and was taking medications did not require the district court to inquire further into whether these medications might affect his ability to make a knowing and intelligent waiver as long as the colloquy was otherwise sufficient to establish a valid waiver, as it was here. See Moran v. Godinez, No. 91-15609, slip op. 13889, 13897, 13904-05 (9th Cir. Nov. 15, 1994). Janis's statement that he did not study criminal law in his first year of law school was not so unbelievable as to require further inquiry.
 
 
 4
 The district court had no duty to inquire again before trial whether Janis wanted to proceed pro se, even when it became apparent he was having difficulty preparing his defense. A valid waiver of counsel carries forward through all stages of the proceeding unless the defendant expressly requests counsel at a subsequent stage. United States v. Kennard, 799 F.2d 556, 557 (9th Cir.1986) (citing Arnold v. United States, 414 F.2d 1056, 1059 (9th Cir.1969)).
 
 
 5
 It was not an abuse of discretion to deny Janis's request to appoint "co-counsel" for purposes of post-trial proceedings and sentencing. There is no constitutional right to such "hybrid representation." See United States v. Kienenberger, 13 F.3d 1354, 1356 (9th Cir.1994); United States v. Williams, 791 F.2d 1383, 1389 (9th Cir.1986).
 
 
 6
 The district court did not abuse its discretion in denying Janis's request, halfway through the sentencing hearing, to substitute his standby counsel as counsel. "We have consistently held that a district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance." United States v. Garcia, 924 F.2d 925, 926 (9th Cir.1991). The same is true when a motion for substitution is made during trial or a post-trial hearing. Janis had already been granted one continuance; he had ample time to prepare for sentencing. Janis's conduct throughout the proceedings was "dilatory and hinder[ed] the efficient administration of justice," and the district court was justified in refusing any further delay. United States v. Kelm, 827 F.2d 1319, 1322 (9th Cir.1987) (quoting United States v. Leavitt, 608 F.2d 1290, 1293 (9th Cir.1979)).
 
 II
 
 7
 The district court did not abuse its discretion in denying Janis's request for a continuance to seek the testimony of two additional witnesses before ruling on the motion to suppress Janis's in-custody statements. Janis did not challenge the district court's ruling that Fielding's testimony would have been cumulative. The court offered to reopen the hearing if Moore or any other relevant witness became available to testify, but Janis did not come forward with this testimony.
 
 III
 
 8
 The district court did not commit reversible error in denying Janis's request for additional time to prepare before ruling on the motion to suppress the fruits of the Washington search warrants. Janis has not met his heavy burden of showing that the denial of the continuance resulted in actual prejudice to his defense. See United States v. Robertson, 15 F.3d 862, 873 (9th Cir.1994).
 
 
 9
 Janis correctly contends the district court erred in admitting into evidence the audio tape of the colloquy between law enforcement officials and the Washington state judge that led to the issuance of the warrants. A copy of a tape recording of proceedings in another court is admissible without extrinsic evidence of authenticity if it is "certified as correct by the custodian or other person authorized to make the certification." Fed.R.Evid. 902(4); United States v. Lechuga, 975 F.2d 397, 399 (7th Cir.1992); see also United States v. Huffhines, 967 F.2d 314, 320 (9th Cir.1992) (court records). The tape recording was not accompanied by such certification.
 
 
 10
 Contrary to the government's suggestion, Fed.R.Evid. 104(a) does not mean the Federal Rules of Evidence are inapplicable to pretrial suppression hearings, but only that the Rules do not apply to proof of foundational facts the court must find before a particular rule of evidence may be applied. United States v. Brewer, 947 F.2d 404, 409-10 (9th Cir.1991).
 
 
 11
 The district court's error was harmless, however. We reverse for nonconstitutional evidentiary error only if the error more likely than not affected the verdict. See United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991). Janis has pointed to nothing which indicates his motion to suppress would have been successful but for the erroneous admission of the tape.
 
 IV
 
 12
 The judge's comments during trial do not "show[ ] actual bias or leave[ ] an abiding impression that the jury perceived an appearance of advocacy or partiality." United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988). The judge's interruptions of Janis's cross-examination properly cut off irrelevant lines of inquiry. The court made no prejudicial remarks during closing argument. Moreover, the judge instructed the jury they should not interpret his comments as a suggestion of the verdict the jury should return. Id. at 538.[2]
 
 
 13
 Janis suggests he was denied a fair trial because the district court required him to proceed despite his complaints about his heart condition. Janis has presented no evidence that his poor health affected his performance at trial or otherwise prejudiced his defense.
 
 
 14
 Janis was not denied a fair trial when the district court refused to grant a continuance and closed the evidence despite the unavailability of certain police reports and witnesses for which subpoenas had been issued but not served. Janis has not stated how the police reports or witnesses were relevant to his case, let alone demonstrated actual prejudice. See Robertson, 15 F.3d at 873. The district court had already delayed ending the trial several times to permit Janis to introduce all of his evidence; it was not an abuse of discretion to refuse further delay.
 
 
 15
 The district court's denial of Janis's requests for subpoenas under Fed.R.Crim.P. 17(b) was not an abuse of discretion. United States v. Sims, 637 F.2d 625, 629 (9th Cir.1980). The only subpoena requests Janis specifically identifies as having been improperly denied are those for witness Debra Monfroe and certain records of a Washington chemical company. The district court expressly found that neither request sought evidence relevant to the case, and Janis has made no showing to the contrary.
 
 V
 
 16
 Janis's personal conflicts with standby counsel did not deprive him of his right to self-representation. Janis made all major decisions with respect to his defense. Nothing in the record indicates standby counsel interfered with Janis's right to control his own defense; Janis's complaints are to the effect that standby counsel did too little to aid his defense, not that he interfered too much. Janis does not contend the jury observed any conflict between himself and standby counsel. See McKaskle v. Wiggins, 465 U.S. 168, 178 (1984).
 
 
 17
 Janis had sufficient access to resources necessary to the preparation of his defense, including the services of standby counsel and an investigator. See Robinson, 913 F.2d at 718 & n. 4. Magistrate Judge Moskowitz personally visited the law library at the pretrial detention facility where Janis was being held and ordered outdated volumes replaced. He also instructed the warden to give Janis reasonable opportunities to consult privately with his standby counsel and investigator and conduct library research, and to allow Janis to keep several of his own law books in his cell. See United States v. Janis, 820 F.Supp. 512, 514-19 (S.D.Cal.1992).
 
 VI
 
 18
 The district court did not err in denying Janis's new trial motion or in failing to hold an evidentiary hearing on the motion. Janis has not shown that any of the statements contained in the affidavits of his family members probably would have resulted in his acquittal if admitted at trial. Moreover, the affidavits merely served to impeach the affiants' trial testimony, and there was no reason to believe the affidavits were more credible than the trial testimony. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.1992). Janis's other arguments in support of the new trial motion have been addressed in previous sections and will not be repeated.
 
 
 19
 Janis had sufficient access to resources to prepare for the new trial motion and sentencing. Robinson, 913 F.2d at 718 & n. 4. Magistrate Judge Moskowitz's order regarding access to the jail's law library and other resources, see Janis, 820 F.Supp. at 519, remained in effect throughout the post-trial proceedings. Moreover, standby counsel assisted Janis with post-trial matters and sentencing, including the preparation of objections to the presentence report.
 
 VII
 
 20
 Janis was not denied the right to call witnesses at the sentencing hearing. Despite ample notice of the hearing, Janis had only one witness to present--his standby counsel--whom he was permitted to examine.
 
 
 21
 The district court did not abuse its discretion in denying Janis a continuance at the sentencing hearing. The district court expressly found that Janis had adequate time to prepare for the hearing. His lack of preparation was caused by his own lack of diligence. See Robertson, 15 F.3d at 873.
 
 
 22
 Janis argues that the district court violated due process and Fed.R.Crim.P. 32(c)(3)(D) by accepting challenged facts as true without holding a hearing. The court did hold a hearing, however, and resolved all factual disputes that were relevant to sentencing. United States v. Turner, 898 F.2d 705, 709 (9th Cir.1990). The court made an express finding that the facts were as the government's chemist testified and that the conspiracy had the capacity to produce over 30 kilograms of methamphetamine. Janis's affidavits were irrelevant to the sentencing determination; moreover, the court found the affidavits not credible.
 
 
 23
 The district court erred by basing its finding of a base offense level of 42 on testimony that the conspiracy as a whole was capable of producing approximately 33 kilograms of methamphetamine. "Under the Guidelines each conspirator, for sentencing purposes, is to be judged not on the distribution made by the entire conspiracy but on the basis of the quantity of drugs which he reasonably foresaw or which fell within 'the scope' of his particular agreement with the conspirators." United States v. Petty, 992 F.2d 887, 890 (9th Cir.1993). The district court's failure to make a finding of the quantity of methamphetamine reasonably foreseeable by Janis was harmless, however; there was ample evidence in the record that Janis conspired with every other member of the conspiracy, and in fact was a leader. It was abundantly clear that he "had an agreement with these other co-conspirators ... or somehow 'benefitted from his co-conspirator's activities.' " United States v. Castaneda, 9 F.3d 761, 770 (9th Cir.1993) (citations omitted).
 
 
 24
 At sentencing, Janis said, "I will die denying the fact of my involvement on the whole conspiracy. That is the truth. You might not believe it." The court replied, "I don't, and neither did the jury." Although this exchange hardly constitutes the "separate and clear finding[s]" of the elements of perjury contemplated by United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993), it does satisfy Dunnigan 's alternate requirement of "a finding of obstruction or impediment of justice that encompasses all of the factual predicates for a finding of perjury." Id. The exchange was sufficient to establish that the district court believed Janis had given "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." Id. at 1116.
 
 
 25
 The district court did not erroneously believe it lacked the authority to grant a downward departure. Taken in context, the sentencing judge's statement that he had no choice but to impose a life sentence merely repeated the judge's accurate conclusion that the Guidelines would dictate a life sentence no matter how he treated Janis's criminal history and leadership role. Nothing else in the record indicates the court believed it lacked the authority to depart. When the district court renders judgment, without comment, in the face of a request for a departure, a reviewing court must assume the court understood it had authority to depart but declined to exercise that discretion. United States v. Garcia-Garcia, 927 F.2d 489, 491 (9th Cir.1991).
 
 VIII
 
 26
 We have reviewed two sealed documents from the district court record to determine whether they contain exculpatory evidence. Both are orders from the magistrate judge concerning the issuance of subpoenas requested by Janis pursuant to Fed.R.Crim.P. 17(b). Neither contains any information material to guilt or punishment. See United States v. Streit, 962 F.2d 894, 900 (9th Cir.1992).
 
 
 27
 AFFIRMED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time of the waiver of counsel hearing, Janis had another motion pending regarding the adequacy of his access to legal materials and other trial preparation resources. When the district court explained to Janis that his access to the library would be limited, Janis responded that he did not understand that his access should be limited and referred to the pending motion. Taken in context, Janis's response does not indicate that he did not understand he would be at a disadvantage in representing himself; rather, Janis was attempting to argue the merits of his motion regarding access to trial preparation resources. In any event, Janis's library access motion was ultimately successful. See United States v. Janis, 820 F.Supp. 512, 519 (S.D.Cal.1992). Even if we were to read Janis's response as conditioning his waiver of counsel on increased access to legal materials, he was granted such access
 
 
 [2]
 Because Janis provides no argument to support his contention that the limitations on cross-examination violated the Confrontation Clause, we consider this issue abandoned. Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir.1993)