**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY ALLEN BROWN, a/k/a
Ronald Churchill Strong,

Defendant-Appellant.

No. 99-1394

D. Colo.

(D.C. No. 99-CR-62)

**ORDER AND JUDGMENT** *

Before **KELLY** , **ANDERSON** , and **HENRY** , Circuit Judges.

After pleading guilty to one count for obstruction of justice in violation of

18 U.S.C. § 1503, Defendant-Appellant Jerry Allen Brown was sentenced to

twenty-four months' imprisonment and three years' supervised release.  Mr.

Brown now appeals this sentence.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

Mr. Brown's conviction for obstruction of justice arose from the following circumstances. In 1992, he was convicted of one count for theft of an interstate shipment in violation of 18 U.S.C. §§ 659 and 2. In that action, Mr. Brown concealed his true identity and held himself out to be Ronald Churchill Strong. Because of this misrepresentation, he received a sentence that was based on the criminal history associated with Mr. Strong – a deceased man with no criminal record – rather than receiving a sentence based on his own criminal history.

Mr. Brown was sentenced to 106 days' imprisonment and three years' supervised release for the theft conviction. While on supervised release, he failed to comply with several of the reporting provisions and, consequently, a warrant was issued for his arrest.

Mr. Brown was a fugitive for several years until the government finally learned of his false identity. Soon after the government discovered the false identity, Mr. Brown was located and arrested pursuant to the warrant. He was subsequently found to be in violation of supervised release and sentenced to ten months' imprisonment.

After Mr. Brown completed the ten-month sentence, the government filed a criminal complaint against him alleging obstruction of justice with respect to the earlier theft case. Mr. Brown pleaded guilty to the charge of obstruction of

justice and was ultimately sentenced to twenty-four months' imprisonment and three years' supervised release.

## II. DISCUSSION

Mr. Brown advances three arguments in support of his claim that the district court erred in sentencing him for obstruction of justice.

First, he asserts that the district court should have given him a sentence "commensurate with the total sentence he would have received had his offenses [i.e., theft and obstruction of justice] been grouped at a single trial." Aplt's Br., p. 4. In support of this argument, Mr. Brown relies on the grouping rules of the Sentencing Guidelines and United States v. Lechuga , 975 F.2d 397, 400 (7th Cir. 1992) (concluding that "[w]hen a defendant is convicted in separate trials of two crimes that would be grouped if they had been consolidated in a single trial, the second trial court should impose a total sentence commensurate with that which the defendant would have received had the offenses been grouped at a single trial").

We need not address the merits of this argument because, even if the district court did err, Mr. Brown suffered no harm as a result of the error. See United States v. Smith , 10 F.3d 724, 729 n.4 (10th Cir. 1993) (rejecting appellant's claim, in part, because "the actual sentence imposed falls within the

proper guideline range"). The district court sentenced Mr. Brown to 24 months for the obstruction offense. He had already served 106 days for the theft offense. If – as Mr. Brown would have it – the obstruction and theft offenses had been grouped in a single trial, his sentencing range would have been 24 to 30 months, and 24 months plus 106 days falls within that range. [1]

---

[1] We arrive at the sentencing range of 24 to 30 months in the following manner. If the theft and obstruction offenses had been grouped in a single trial, then Mr. Brown's offense level would be 15: The base offense level for the theft would be 4. See USSG § 2B1.1(a). Specific offense characteristics would provide for an upward adjustment of 7. See USSG § 2B1.1(b)(1)(H) (allowing for an upward adjustment of 7 if the loss exceeded $40,000). Because of Mr. Brown's role in the theft, there would be an upward adjustment of 2, see USSG § 3B1.1(c), and because of his obstruction of justice, there would be another upward adjustment of 2. See USSG § 3C1.1. The total would thus be 15 (i.e., 4 + 7 + 2 + 2). Mr. Brown would receive no reduction for acceptance of responsibility because, under USSG § 3E1.1 n.3, "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." With an offense level of 15 and a criminal history category of III, the applicable sentencing range would therefore be 24 to 30 months.

We recognize that, in his brief, Mr. Brown argues that his criminal history category is II. In 1992, the year he was convicted of the theft offense, Mr. Brown did have a category of II (excluding from the calculation of criminal history the points for the theft conviction). But by 1999, the year he was convicted of the obstruction offense, his category was no longer II. In 1999, Mr. Brown's criminal history category was III (again, excluding from the calculation of criminal history the points for the theft conviction).

Mr. Brown cannot turn completely back to 1992 to determine his criminal history because the obstruction of justice – i.e., the false identity – was not discovered until 1998 and not charged until 1999. By 1998, Mr. Brown had

(continued...)

Second, Mr. Brown contends that the district court should have departed downward so that, in effect, he would be "credited" for the time already served on the theft conviction. This argument cannot succeed because a district court's discretionary refusal to depart downward is not reviewable by an appellate court unless it appears from the record that the district court erroneously believed that the Sentencing Guidelines did not permit a downward departure. See United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995). Here, the record does not demonstrate such; rather, the record indicates that the district court believed that it had the authority to depart but chose not to do so because this was not a case "outside of the heartland." Rec. vol. 4, doc. 1, at 47 (sentencing hearing transcript); cf. United States v. Barrera-Barron, 996 F.2d 244, 245-46 (10th Cir. 1993) (drawing a distinction between a court's "dissatisfaction with the reasons proffered to support a downward departure" and a court's "belief that the proffered reasons do not as a legal matter permit the court the discretion to depart").

Finally, relying on USSG § 4A1.2, Mr. Brown argues that the district court should not have included his theft conviction as part of his criminal history because the theft offense was "part of and related to" the instant offense of

---

(...continued)
engaged in conduct that served to increase his criminal history category.

obstruction of justice.  Aplt's Br., p. 14.  Mr. Brown's argument cannot be sustained because, as he himself recognizes, the question of "relatedness" for the purpose of calculating criminal history is directed at the relationship between previously imposed sentences, not to the relationship between prior sentences and the instant offense.   See USSG § 4A1.2(a);   see also  United States v. Walling  , 936 F.2d 469, 471 (10th Cir. 1991) (defining "relatedness" for the purpose of USSG § 4A1.2(a) as the relationship between previously imposed sentences).

Accordingly, we AFFIRM the district court's order.

Entered for the Court,


Robert H. Henry
Circuit Judge