[No. B191377. Second Dist., Div. Six. Aug. 6, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE MANUEL RAMIREZ, Defendant and Appellant.

## Counsel

Matthew Alger, under appointment by the Court of Appeal; Lawrence R. Young & Associates and Lawrence R. Young for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jaime L. Fuster and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GILBERT, P. J.**—A testifying "gang expert" bases his opinion on hearsay. Here we hold the hearsay is not "testimonial" under *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354], and it is permissible for the jury to consider the truth of the hearsay in evaluating the expert's opinion.

A jury convicted Jose Manuel Ramirez of robbery (Pen. Code, § 211),[1] assault with a firearm (§ 245, subd. (a)(2)), and three counts of attempted willful, deliberate and premeditated murder (§§ 664, 187, subd. (a)). The jury also found Ramirez committed each offense for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)).

On appeal, Ramirez contends the trial court erred in allowing a gang expert to give hearsay testimony about the facts of predicate crimes that form an element of the gang enhancement. We affirm.

---

[1] All statutory references are to the Penal Code.

## FACTS

On December 13, 2004, Kea Kou and Phaly Lim were leaving a store in Long Beach when a Hispanic male, about 19 or 20 years old, approached Kou. The Hispanic male tried to hit Kou and grabbed his backpack. Lim came to Kou's aid. Kou and Lim had the upper hand in the struggle until Ramirez appeared with a shotgun. Ramirez pointed the shotgun at Lim and Kou, and said, "Let my friend go and give me your backpack." Kou complied and Ramirez ran away.

Kou called the police. While the police were investigating the robbery, they arrested Ramirez's mother and brother on unrelated offenses.

Later that night, Ramirez and Jose Ibarra shot at three young Asian men. The Asian men escaped without injury. The next day, the police arrested Ramirez. Ramirez admitted he was one of the shooters. He said he targeted Asians because he believed that Asians were responsible for the arrest of his mother and brother.

Police Detective Abel Morales testified as a gang expert at trial. He said Ramirez and Ibarra are members of the CLB (Crazy Latino Boys) gang, as is Ramirez's brother. The gang frequently commits violent crimes that target Black and Asian teenagers, regardless of whether they are gang members. Gang members retaliate violently against victims who report crimes to the police.

Morales testified that CLB gang member, Edgar Ivan Perez, was convicted of attempted murder and criminal threats. Morales said he testified as an expert in that case and is familiar with the facts. In his opinion, Perez committed the crimes for the benefit of the CLB gang. Morales said that CLB is at war with male Asians, and Perez was carrying out that war. He was going up to just any male Asian and shooting him point blank in the middle of the day.

Morales also testified that CLB gang member, Abel Alfaro, was convicted of murder. Morales assisted in the investigation and testified in that case. He is familiar with the facts. Morales opined that the crime was committed for the benefit of the CLB gang. Morales said that Alfaro shot another gang member who was in CLB territory.

Records showing only Perez's and Alfaro's convictions were admitted into evidence.

## DISCUSSION

Ramirez contends the trial court denied him his right to confront witnesses when it allowed hearsay testimony about the facts of the predicate crimes.

■ Section 186.22, subdivision (b)(1), provides for a sentence enhancement for any person convicted of a felony for the benefit of, at the direction of, or in association with a criminal street gang. To qualify as a criminal street gang, an organization, association or group must, among other factors, engage in or have engaged in "a pattern of criminal gang activity." (*Id.*, subd. (f).) A pattern of criminal gang activity means the commission of, attempted commission of, conspiracy to commit or solicitation of, a sustained juvenile petition for, or conviction of two or more listed offenses committed on separate occasions or by two or more persons. (*Id.*, subd. (e).) Among the listed offenses is unlawful homicide or manslaughter. (*Id.*, subd. (e)(3).)

Here Detective Morales testified that two CLB gang members had previous convictions for murder and attempted murder, and that the crimes were committed for the benefit of the CLB gang.

■ Ramirez contends Morales's testimony violated the confrontation clause of the United States Constitution. (U.S. Const., 6th Amend.) Ramirez relies on *Crawford v. Washington, supra*, 541 U.S. 36. There, the Supreme Court held out-of-court statements that are testimonial in nature are inadmissible unless the declarant is unavailable and the accused has an opportunity to cross-examine the declarant. (*Id.* at p. 54.) Thus the court concluded a recording of statements the defendant's wife made to the police was admitted in violation of the Sixth Amendment confrontation clause.

Here Ramirez does not identify any out-of-court statement that Detective Morales repeated during his testimony. Instead, Ramirez's complaint appears to be that Detective Morales relied on hearsay in forming his opinion that the predicate crimes were committed for the benefit of a gang. He argues that Morales's knowledge of the facts of the predicate crimes must have been based on testimonial hearsay or statements made during police interrogation. But Morales testified as an expert on gangs. An expert may give opinion testimony that is based on hearsay. (*People v. Thomas* (2005) 130 Cal.App.4th 1202, 1210 [30 Cal.Rptr.3d 582].)

In *Thomas*, the defendant was convicted of receiving stolen property and being an active participant in a criminal street gang in violation of section 186.22, subdivision (a). The evidence included expert opinion that the defendant was a gang member and that the underlying crime was committed for the purpose of aiding the gang. The expert testified that other gang members told him that the defendant was a member of the gang.

On appeal, the defendant contended that the introduction of hearsay statements as to what other gang members told the expert violated his Sixth Amendment rights as explained in *Crawford*. The Court of Appeal rejected that contention stating, "*Crawford* does not undermine the established rule that experts can testify to their opinions on relevant matters, and relate the information and sources upon which they rely in forming those opinions. This is so because an expert is subject to cross-examination about his or her opinions and additionally, the materials on which the expert bases his or her opinion are not elicited for the truth of their contents; they are examined to assess the weight of the expert's opinion. *Crawford* itself states that the confrontation clause 'does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.' (*Crawford, supra*, 541 U.S. at p. 59 . . . .)" (*People v. Thomas, supra*, 130 Cal.App.4th at p. 1210.)

Ramirez attempts to distinguish *Thomas* on the basis that there the hearsay was not elicited for the truth of the matter, but merely to assess the weight of the expert's opinion. Ramirez believes that here Morales's testimony about the facts of the predicate offenses was offered for its truth. He argues Morales's opinion that the predicate offenses were committed for the benefit of the CLB gang would have been worthless unless the jury accepted the truthfulness of his testimony about how those crimes were committed.

But any expert's opinion is only as good as the truthfulness of the information on which it is based. Thus in *Thomas*, the expert's opinion that the defendant is a member of a gang has value only if the jury believes the hearsay on which the expert relied. Hearsay in support of expert opinion is simply not the sort of testimonial hearsay the use of which *Crawford* condemned. (*People v. Thomas, supra*, 130 Cal.App.4th at p. 1210.)

Ramirez's reliance on *In re Alexander L.* (2007) 149 Cal.App.4th 605 [57 Cal.Rptr.3d 226], is misplaced. There a gang expert testified that he knew the defendant's gang had been involved in assaults, murders, automobile thefts, graffiti and narcotics violations. The expert did not state how he knew. The Court of Appeal reversed the gang enhancement because the expert's opinion was not supported by a sufficient foundation.

Here, in contrast, Detective Morales's testimony is that he testified as an expert in the Perez case, and that he testified and assisted in the investigation in the Alfaro case. He said he is familiar with the facts of both cases. That is a sufficient foundation to support Morales's expert testimony that the predicate crimes were committed for the benefit of the CLB gang.

The judgment is affirmed.

Yegan, J., and Perren, J., concurred.