# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,      )
           )
     v.              )     ID No. 1210013321
           )             1210013272
OTIS PHILLIPS        )
           )
     and          )
           )
JEFFREY PHILLIPS,    )
           )
     Defendants.    )

September 2, 2015

# SUPPLEMENTAL OPINION

John Downs, Esquire, Ipek Medford, Esquire, and Periann Doko, Esquire, Deputy Attorney Generals, Delaware Department of Justice, Wilmington, Delaware. Attorneys for the State of Delaware.

Anthony A. Figliola, Esquire, 1813 Marsh Road, Suite A, Wilmington, Delaware 19801. Michael C. Heyden, Esquire, 1201 King Street, Wilmington, Delaware 19801. Attorneys for Defendant Otis Phillips.

Kevin J. O'Connell, Esquire, Raymond D. Armstrong, Esquire, and Misty A. Seemans, Esquire, Assistant Public Defenders, Public Defender's Office, Wilmington, Delaware. Attorneys for Defendant Jeffrey Phillips.

**SCOTT, J.**

During the State's case in chief, this Court was asked to determine the admissibility of documents reflecting convictions and guilty pleas of persons whom the State asserts are gang participants in this case. Defense counsels, however, objected to the admission of these documents as evidence on the basis that the admission of these documents violates the Defendants'[1] Sixth Amendment right to confrontation. The Court ruled at trial that the requested certified prior convictions and guilty pleas were admissible. Below is the Court's supplemental opinion on this issue. For the reasons set forth below, the State's request to admit certifications of prior convictions and guilty pleas of other Sure Shot gang members in this case was **GRANTED**.

1. One of the indicted charges against the Defendants at trial was gang participation under 11 *Del. C.* § 616, as the State alleged that both the Defendants were members of the Sure Shots gang. The prior convictions and guilty pleas at issue here were offered by the State for the sole purpose of showing that other members of the Sure Shots gang engaged in criminal activity, individually. For that reason, the Court found the documents relevant to matters in this case under D.R.E 403. Moreover, there was no challenge to the admission of the documents based on authenticity, as the documents at issue are certified copies of public records, which are self-authenticating and

---

[1] Defendant Otis Phillips and Defendant Jeffrey Phillips (collectively the "Defendants").

admissible under D.R.E. 902(4).[2]  Furthermore, these documents are admissible as exceptions to hearsay under D.R.E. 803(8) because they are public records.[3]

2. The sole basis of the Defendants' objection to the admission of the certified prior convictions and guilty pleas of other Sure Shots gang members is that the admission of these documents violates the Defendants' Sixth Amendment right to confrontation.  The Confrontation Clause of the Sixth Amendment bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."[4]  In *Crawford,* the court "offered no precise definition of which statements were to be regarded as testimonial and which were not."[5]  Instead, the Court set out, "for illustrative purposes, a trio of formulations that [comes] within the 'core class' of testimonial statements."[6]

> The first formulation encompasses "ex parte in-court testimony or its functional equivalent-that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially." The second encompasses "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions." The third encompasses "statements that were made under circumstances which would lead an objective witness

---

[2] *See U.S. v. Lechuga*, 975 F.2d 397, 399 (7th Cir. 1992).
[3] *See Id.*
[4] *Crawford v. Washington,* 541 U.S. 36, 53–54 (2004).
[5] *United States v. Brito,* 427 F.3d 53, 59 (3rd Cir. 2005).
[6] *Crawford,* 541 U.S. at 59.

reasonably to believe that the statement would be available for use at a later trial."[7]

Thus, to determine the admissibility of the documents in this case, the question is whether the certified prior convictions and guilty pleas are testimonial or nontestimonial.

3. As stated above, certified records of prior convictions and guilty pleas are public records. "[I]t is undisputed that public records, such as judgments, are not themselves testimonial in nature and that these records do not fall within the prohibition established by the Supreme Court in *Crawford*."[8] In other words, prior convictions are "generally admissible absent confrontation … because – having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial – they are not testimonial."[9] Specifically, certified convictions are nontestimonial if offered to prove the fact of conviction.[10]

4. On the other hand, it is well settled that "use of a co-conspirator's guilty plea as substantive proof of a defendant's complicity in a conspiracy without a cautionary instruction is not admissible as evidence."[11] Therefore, certified

---

[7] *Id.* at 50-52.
[8] *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (citing *Crawford,* 541 U.S. at 56).
[9] *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009).
[10] *United States v. Causevic*, 636 F.3d 998, 1004 (8th Cir. 2011).
[11] *Bisaccia v. Attorney Gen. of State of N. J.*, 623 F.2d 307, 312 (3d Cir. 1980).

convictions become testimonial – triggering a confrontation issue – if offered as "proof of facts underlying the crime charged."[12] This is because a defendant has "a right to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else."[13] In *Kirby v. United States*, the Court held that the defendant's confrontation rights had been violated because the defendant's conviction for receiving stolen property was, in part, based on the admission of the records of conviction of three individuals who were found guilty of stealing the relevant property.[14] In *Kirby*, the records of conviction were introduced not to demonstrate the fact of conviction, but the underlying evidentiary fact, that the goods were stolen.[15] It was a violation of the defendant's confrontation rights because he was not allowed to cross-examine any witnesses with respect to that evidentiary element.[16]

5. However, this Court finds *Kirby* distinguishable from this case, such that the records of conviction of other Sure Shot gang members are admissible. Here, the Defendants' Sixth Amendment rights have not been violated because the convictions are not offered by the State to show that other gang members acted

---

[12] *Causevic*, 636 F.3d at 1004.

[13] *United States v. Toner*, 173 F.2d 140, 142 (3d Cir. 1949).

[14] 174 U.S. 47, 53 (1899).

[15] *See also United States v. Head*, 707 F.3d 1026, 1031 (8th Cir. 2013) (The minute entry of the principal's guilty plea was offered to prove that he committed the underlying crime, not simply that he was convicted of that crime.).

[16] *Kirby*, 174 U.S. at 55-56; *see Com. v. Weeks*, 927 N.E.2d 1023, 1029 (Mass. App. Ct. 2010).

5

as part of a common act, transaction or scheme with the Defendants.  While every criminal defendant has a right "to have his guilt or innocence determined by the evidence presented against him, not by what has happened with regard to a criminal prosecution against someone else," the prior convictions in this case are not offered to prove the Defendants' participation in a conspiracy or the Defendants' guilt for the offenses which are the bases of the prior convictions and guilty pleas.[17]

6. More importantly though, this Court finds that *Kirby* is also distinguishable from this case based on the statutory language of the indicted offense.[18]  Here, the Defendants are charged with gang participation under 11 *Del. C.* § 616, which provides that

> [a] person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity and who knowingly promotes, furthers or assists in any criminal conduct by members of that gang which would constitute a felony under Delaware law, shall be guilty of illegal gang participation.[19]

---

[17] *Toner,* 173 F.2d at 142.

[18] *See* F.R.E. 803(22) Cmt. (22) ("While these rules do not in general purport to resolve constitutional issues, they have in general been drafted with a view to avoiding collision with constitutional principles …. [*Kirby*] is to be distinguished from cases in which conviction of another person is an element of the crime, e.g. 15 U.S.C. § 902(d), interstate shipment of firearms to a known convicted felon, and, as specifically provided, from impeachment.").

[19] 11 *Del. C.* § 616(b).

The statute further defines the requirements for the State to prove the elements of "criminal street gang" and "pattern of criminal gang activity."[20]

7. The section of the gang participation statute that distinguishes *Kirby* from this case is § 616(a)(2), which defines the requirement that the State prove a "pattern of criminal gang activity" as

> the commission of attempted commission of, conspiracy to commit, solicitation of, *or conviction of* 2 or more of the following criminal offenses, provided at least 1 of these offenses occurred after July 1, 2003,[21] and that the last of those offenses occurred within 3 years after a prior offense, and provided that the offenses were committed on separate occasions, or by 2 or more persons…[22]

Thus, *Kirby* is distinguishable from this case because the plain language of the statute expressly permits the State to offer as evidence against the Defendants, the individual acts of other Sure Shots gang members, including their records of conviction, as one way of proving the elements of this offense.[23]

---

[20] *See* 11 *Del. C.* § 616(a) (defining in (a)(1) "Criminal street gang" means any ongoing organization, association, or group of 3 or more persons, whether formal or informal, having as 1 of its primary activities the commission of one or more of the criminal acts enumerated in paragraph (a)(2) of this section, having a common name or common identifying sign or symbol, and whose members *individually or collectively* engage in or have engaged in a pattern of criminal gang activity.) (emphasis added).

[21] Defendant Otis Phillips argued that an offense occurred prior to 2003. However, the statute does not bar offenses prior to July 1, 2003. It only requires one offense to have occurred after that date.

[22] 11 *Del. C.* § 616(a)(2) (emphasis added); *see People v. Viera*, 2012 WL 2899343, at *5 (Cal. Ct. App. July 17, 2012) (Adequate proof in support of the primary activities element "might consist of evidence that the group's members *consistently and repeatedly* have committed criminal activity listed in the gang statute.") (emphasis added).

[23] *See* 11 *Del. C.* § 616(a); *see also People v. Ramirez*, 153 Cal. App. 4th 1422 (Cal. Ct. App. 2007) (The prior conviction records of two other gang members and the expert testimony proffering that those criminal acts contained in the prior convictions were committed for the

8. In this case, the records of conviction of five other Sure Shots gang members are one piece of the evidence the State offered to establish a pattern of criminal gang activity, as define by § 616(a)(2).[24] The records presented by the State are admissible under *Crawford* because they are nontestimonial in nature. Moreover, no confrontation issue is triggered because the records are offered for the limited purpose of proving a pattern of criminal gang activity by individual members of the gang, which the plain language of the gang participation statute provides as a permissible way of establishing that element.

9. For the reasons set forth above, the State's request to admit the certified convictions and guilty pleas of other Sure Shot gang members in this case, for the limited purpose of showing that other members of the Sure Shots gang engaged in criminal activity individually, was **GRANTED**.

 

    **IT IS SO ORDERED.**

*/s/Calvin L. Scott*
Judge Calvin L. Scott, Jr.

---

benefit of the gang were admitted against the defendant at his trial. There was no Confrontation Clause issue regarding admission of the prior conviction records; only the testimony of the state's gang expert. The court held that the testimony of the state's gang expert that two members of the defendant's gang had prior convictions for murder and attempted murder, and that their crimes were committed for the benefit of the gang, offered for purposes of proving gang enhancement, did not violate Confrontation Clause.).

[24] The Court notes that three of these five gang members had testified on behalf of the State at trial, before the State sought to admit the records of conviction at issue here.