UNITED STATES of America, Appellee,

v.

Arthur Faye CLARK, Appellant.

No. 82–1939.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 17, 1983.

Decided March 3, 1983.

Rehearing Denied April 4, 1983.

W. Asa Hutchinson, U.S. Atty., Steve N. Snyder, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before HEANEY, McMILLIAN and AR-NOLD, Circuit Judges.

PER CURIAM.

Arthur Faye Clark was indicted for receiving and concealing a stolen vehicle in violation of 18 U.S.C. § 2313 and for selling and disposing of the same stolen vehicle in violation of 18 U.S.C. § 2313. The jury returned a verdict of guilty on both counts and Clark was sentenced to a term of three years.

Clark contends on appeal that his conviction should be reversed for the following reasons:

(1) The trial court erred in refusing to dismiss the indictment based upon the government's failure to produce the stolen vehicle for inspection by the appellant. After the government recovered the stolen tractor-trailer, it returned it to the rightful owner. The vehicle was thus not in the government's possession at the time of the indictment and it was not introduced by the government as evidence against Clark at trial. The government advised the appellant's attorney as to the last known location of the truck and informed him that it had been sold to Taylor and Lee Trucking Company in El Dorado, Arkansas. Under these circumstances, the trial court did not err in denying the appellant's request to dismiss the indictment on the ground that the government had failed to produce the trac-

tor-trailer for inspection. Clark had ample time in which to locate the vehicle and to obtain a court order to examine it had the current owner refused to allow him to do so.

(2) The trial court erred in failing to instruct the jury as follows:

If you believe that the Government had the ability to produce stronger and more satisfactory evidence than that which was offered on any material point, you should distrust any weaker and less satisfactory evidence offered by it. In this regard, the failure of the Government to offer the stolen property may in itself be sufficient to warrant the acquittal of the defendant.

This instruction is not a proper statement of the law, and although we agree that a defendant is entitled to an instruction on his theory of the case if there is evidence to support it and a proper request is entered, *see, e.g., United States v. Brown,* 540 F.2d 364, 380 (8th Cir.1976), we find no error in the trial court's denial of the instruction requested by Clark.

(3) The trial court erred in denying Clark's motion to dismiss the indictment and in denying his motion for a mistrial because of an error concerning the name of the purchaser of the stolen vehicle. Clark argues that the indictment is insufficient because it does not state from whom the stolen vehicle was received and to whom it was sold. He also objects because the indictment does not contain the serial number of the stolen vehicle. The indictment clearly stated the essential facts constituting the offense charged, and sufficiently apprised the appellant of the nature of the charges against him. *See United States v. French,* 683 F.2d 1189, 1194 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 304, 74 L.Ed.2d 284 (1982). Moreover, the trial court did not err in denying the appellant's motion for a mistrial. The correct information concerning the name of the purchaser of the stolen vehicle was provided to the appellant, and Clark has made no showing that he was so prejudiced by the government's error that the district court abused its discretion

in denying his motion. *See United States v. Flemino,* 691 F.2d 1263, 1267 (8th Cir. 1982).

(4) The trial court erred in denying Clark's motion for a continuance prior to trial. The appellant requested a continuance because he had not inspected the tractor-trailer and because one of his attorneys would be unable to be present on the day of trial. Clark had the opportunity prior to trial to inspect the tractor-trailer, and the trial court determined that adequate counsel capable and able of representing him could be available on the date set for trial. The trial court's denial of Clark's motion for a continuance was not an abuse of discretion under these circumstances.

Accordingly, the judgment of the district court is affirmed.