MORRIS SHEPPARD ARNOLD, Circuit Judge.
 

 Arthur Pressley appeals his conviction for possession of cocaine with intent to distribute. He avers that the trial court erred in failing to grant his pretrial motions, in admitting certain substances into evidence, and in submitting the case to the jury. After a review of the arguments and the record, we affirm.
 

 I.
 

 A.
 

 Defendant moved before trial to suppress substances seized pursuant to a search warrant, alleging that the affidavit that served as a basis for the warrant contained false information. In order to have prevailed on this motion, defendant would have had to show by a preponderance of the evidence not only that the information was false, but that the affiant (or his source) either knew that it was false or showed reckless disregard for whether it was true. The parties are on common ground that defendant is not entitled to a hearing on this question unless the information that remains in the affidavit, after striking the false matter, was insufficient to satisfy an objective magistrate that probable cause for the issuance of the warrant existed.
 
 See Franks v. Delaware,
 
 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).
 

 Defendant asserts that the affidavit supporting the petition for a warrant contained a knowingly false statement that officers had surveilled the relevant house and had thereby corroborated the statements of a reliable informant that the house contained large amounts of cocaine and was a “safe house” for storing large amounts of cocaine. It turns out that the corroboration consisted merely in ascertaining that defendant paid utilities on the residence to be searched. The infirmity in defendant’s position, however, is that the affidavit, without regard to any allegedly false statements, contained sufficient matter from a reliable informant to support the issuance of the warrant. It is well settled that the statements of a reliable informant can provide, by themselves, a sufficient basis for the issuance of a warrant.
 
 See McCray v. Illinois,
 
 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). And here, defendant made no substantial preliminary
 
 *1028
 
 showing that the informant’s statements were false.
 
 See United States v. Shurn,
 
 849 F.2d 1090 (8th Cir.1988).
 

 B.
 

 Defendant also requested, in a pretrial motion, that the identity of the reliable informant be revealed to him. In that motion, defendant did not specify the grounds for seeking this information, and in the hearing on the motion counsel was far from precise about his need to know the informant’s identity. Early in the hearing, the government indicated that the informant had not been present at the time of the offense charged and was not going to testify, as, indeed, he or she did not. At one point during the hearing, defense counsel appeared to be arguing that he wanted to know who the informant was in order to discover whether the informant had knowingly provided false information; but at other times counsel’s argument seemed to be that the affiant really had no informant at all and had fabricated the information entirely. At oral argument on appeal, counsel advanced yet a third theory to support the motion, this one going not to the validity of the warrant but to the question of guilt or innocence. Much of the evidence against defendant at trial was provided by an arresting officer who was also the affiant who supported the request for the warrant. If there was in reality no informant, defendant’s argument runs, then the officer’s credibility could have been impeached by exposing that fact to view, either, presumably, as evidence of bias against defendant or as evidence of the untruthful character of the officer.
 

 We are troubled at the outset of our consideration of this matter by the lack of focus in defendant’s arguments and the shifting sands of his position. We are mindful of the salutary rule that an issue not raised below cannot be addressed on appeal. We believe, nevertheless, that defendant’s arguments can be dealt with rather quickly on the merits. We have held that a defendant seeking the identity of an informant must demonstrate that the informant’s identity is material to his case or that the informant has information that is material.
 
 See United States v. Grisham,
 
 748 F.2d 460 (8th Cir.1984). Here, defendant made no showing of materiality, either by fairly putting in issue the existence of the informant, or otherwise. Even if the statements of the affiant concerning the surveillance of the residence to be searched cast doubt on his other averments in the affidavit (and we do not hold that they do), so as fairly to put in issue the informant’s identity, defendant did not ask for an
 
 in camera
 
 examination of the affiant to determine whether an informant existed, or, indeed, for any other purpose.
 
 See id.
 
 at 464-65. Nor does counsel complain on appeal that such an examination was not conducted. Even if counsel had so complained, we are not prepared to say that the trial court ought to hold such a hearing
 
 sua sponte,
 
 or that a failure to do so is plain error.
 
 See United States v. Alexander,
 
 559 F.2d 1339 (5th Cir.1977),
 
 cert. denied,
 
 434 U.S. 1078, 98 S.Ct. 1271, 55 L.Ed.2d 785 (1978); 1 W. LaFave,
 
 Search and Seizure
 
 711 (2d ed. 1987). Accordingly, we affirm the trial court’s refusal to require the government to reveal the name of its informant.
 

 II.
 

 Defendant asserts that the substances allegedly seized pursuant to the search warrant should not have been admitted into evidence because a proper chain of custody had not been established for them. He points to the fact that, after a first prosecution that ended in a mistrial, some person, not produced by the government, took the seized substances to a vault. There is therefore no showing, defendant maintains, that the substances analyzed as cocaine and admitted into evidence were the same as those seized pursuant to the warrant. We disagree. The officer who seized the substances testified that he marked them at the time of the seizure and that the packages admitted into evidence still bore his marks. The chemist testified that the substances that she tested had come from the same bags. The government is not required to maintain an eternal
 
 *1029
 
 vigilance over all evidence in its custody. It is enough for its admissibility if the judge is satisfied that the relevant article has not, in all reasonable probability, been changed in any important respect. Once the judge admits the evidence, doubts about its identity go to its weight and are for the trier of fact to weigh and resolve.
 
 See United States v. Houston,
 
 892 F.2d 696 (8th Cir.1989), and
 
 Gallego v. United States,
 
 276 F.2d 914 (9th Cir.1960).
 

 III.
 

 Appellant’s final contention, that there was insufficient evidence to submit the case to the jury, is without merit. Two officers testified that they saw defendant throw some bags behind a couch that, according to the chemist who testified, proved to contain cocaine. The officers also found $3,649 in small bills on the defendant’s person. Some of the cocaine was in small packages, a fact from which a reasonable person could infer that they had been made ready for distribution. We cannot say that this evidence, when viewed in the aggregate, must necessarily fail to convince a reasonable person that the defendant was guilty beyond a reasonable doubt. We do not say that the evidence compels an inference of guilt, only that it supports one.
 
 See United States v. Willis,
 
 967 F.2d 1220 (8th Cir.1992);
 
 United States v. Brett,
 
 872 F.2d 1365 (8th Cir.1989),
 
 cert. denied,
 
 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989);
 
 United States v. Diggs,
 
 527 F.2d 509 (8th Cir.1975); and
 
 United States v. Wisdom,
 
 534 F.2d 1306 (8th Cir.1976).
 

 IV.
 

 For the reasons indicated, we affirm the conviction appealed from.