UNITED STATES of America, Appellee,

v.

**Patrick MILLER, Appellant.**

No. 92–3223.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1993.

Decided May 21, 1993.

---

in more than one year, it is achieving no undeserved tax windfall by making loans that mature

in less than one year.

442

Maxie G. Kizer, Pine Bluff, AR, argued, for appellant.

Robert J. Govar, Asst. U.S. Atty., Little Rock, AR, argued, for appellee.

Before McMILLIAN, MAGILL and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant Patrick Miller appeals from a judgment entered by the United States District Court[1] for the Eastern District of Arkansas on a jury verdict finding him guilty of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. Appellant contends that the district court abused its discretion by permitting the government to introduce into evidence cocaine base without proving the chain of custody. On the facts of this case and because there is a presumption of integrity and no showing of bad faith, we hold that the district court did not abuse its discretion and affirm.

On December 5, 1991, law enforcement agents of the Tri–County Drug Task Force executed a state search and seizure warrant at a crack house in Pine Bluff, Arkansas. Upon entering the premises, one officer noticed that Appellant was trying to hide something and called out to another officer, "Watch Patrick, he's trying to stuff something." After Appellant refused to remove his hands from underneath him and put them in the air Detective Eddie Turner arrested him. On the couch where Appellant had been sitting, Turner found a match box containing twelve (12) rock-like substances believed to be cocaine base, a substance commonly referred to a crack cocaine. Turner gave the match box and its contents to De-

---

1. The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

tective Jamie Dean, the case agent on the search warrant application.

After Dean inspected and examined the contents of the match box, he packaged and sealed it in an evidence envelope. Thereafter, he initialed it to insure that the contents were not tampered with. Dean's testimony is not too clear as to when he delivered the sealed evidence envelope to Sergeant McCurdy, the evidence officer. In any event, Sergeant McCurdy testified that he received the sealed evidence envelope from Dean on January 3, 1992. McCurdy further testified that he hand carried the evidence to the Arkansas State Crime Laboratory on January 7, 1992.

Linda Burdick, a forensic chemist at the Arkansas State Crime Laboratory, testified that on January 10, 1992, she removed the sealed evidence envelope from the evidence storage room and analyzed it. According to her testimony she found the match box to contain 1.095 grams of cocaine base with a purity level of 89%. After Burdick completed her examination of the drug package, she put her initials on it, the laboratory case number and the date she resealed the package. The evidence package was then returned to the Pine Bluff Police Department where it remained until produced for Appellant's trial.

Appellant's sole contention on appeal is that the district court abused its discretion by permitting the government to introduce the match box and its contents into evidence as its exhibit No. 1 without a proper showing of the chain of custody. Specifically, Appellant complains that the government failed to show where exhibit No. 1 was between December 5, 1991, and January 3, 1992.

■ We review a district court's rulings on the admission of evidence on a clear abuse of discretion standard. *United States v. Pazzanese*, 982 F.2d 251, 252 (8th Cir.1992). Where a real or physical object is offered as evidence in a criminal prosecution, an adequate foundation for the admission of that object requires testimony first, that such object is the same object which was involved in the alleged incident, and that the condition of that object is substantially unchanged. Charles T. McCormick et al., McCormick on Evidence, § 212, at 527 (2nd ed. 1972). If

the object sought to be introduced into evidence is one impervious to change, the discretion of the trial judge is very broad; on the other hand, where the object is one not readily identifiable, or susceptible to alteration by tampering or contamination, the trial judge's discretion may require a substantially more elaborate foundation. *Id.*

■ The district court may admit a piece of physical evidence if it is satisfied that there is a reasonable probability the such evidence has not been changed or altered. Moreover, the integrity of such evidence is presumed to be preserved unless there is a showing of bad faith, ill will, or proof that the evidence has been tampered with. *See United States v. Brown*, 482 F.2d 1226, 1228 (8th Cir.1973) (where no evidence indicating otherwise is produced, the presumption of regularity supports the official acts of public officers, and courts presume that they have properly discharged their official duties).

■ The government could have easily avoided the problem presented here, by having each officer who handled exhibit No. 1 identify his or her initials on the exhibit and to state whether the exhibit was in substantially the same physical condition at the time he or she first saw it and at the time of trial. Nonetheless, the testimony presented by the government beginning with Detective Dean who placed the match box in the sealed package and initialed it, reasonably shows that exhibit No. 1 was unchanged: Dean gave it to Sergeant McCurdy, who testified that exhibit No. 1 was sealed and taped; McCurdy took it to The Arkansas State Crime Laboratory; Miss Burdick testified that she removed the evidence from storage room, opened and tested it, and then initialed and resealed it. The evidence package was then returned to the Pine Bluff Police Department where it was kept until brought into court for Appellant's trial. On this showing alone, we hold that the district court did not abuse its discretion in allowing into evidence the government's exhibit No. 1.

Furthermore, where, as in the present case, the Appellant made no showing that none of the police officers or laboratory employees tampered or altered the evidence,

the officials are entitled to the presumption of integrity. *United States v. Doddington,* 822 F.2d 818, 822 (8th Cir.1987) (citations omitted).

Accordingly, the judgment of the district court is affirmed.