**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Luke JERNIGAN, Defendant–Appellant.**

No. 94–10485.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 1995.

Decided July 12, 1995.

Eugene A. Burdick, Mesa, AZ, for defendant-appellant.

Thomas C. Simon, Asst. U.S. Atty., Phoenix, AZ, for plaintiff-appellee.

Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

We consider here whether a 5–month sentence for failure to appear for trial violates either the sentencing guidelines or double jeopardy principles where, in a prior case, the defendant's sentence was enhanced based on the same conduct.

## I.

### Background

On June 30, 1992, Defendant Luke Jernigan was charged with passing counterfeit notes and conspiracy to possess cocaine with the intent to distribute. Trial was set for January 21, 1993, but Jernigan failed to appear. Jernigan was apprehended, and on April 4, 1993, he was convicted on the counterfeit and conspiracy charges. At the time of sentencing, the district court (Judge Shanstrom) enhanced Jernigan's sentence by 2 levels under United States sentencing guideline ("U.S.S.G.") § 3C1.1 (Obstruction of Justice), in light of Jernigan's failure to appear. The enhancement gave Jernigan a total offense level of 28. With a Criminal History Category of II, Jernigan's guideline range was 87 to 108 months. Jernigan was sentenced to concurrent 100–month sentences for the counterfeit and conspiracy convictions.[1]

Jernigan was separately indicted for failure to appear under 18 U.S.C. § 3146(a)(1). He pleaded guilty and was sentenced by the district court (Judge Strand) to 5 months on the charge.[2] Jernigan now appeals that sentence on the ground that he was already punished for his failure to appear by the enhancement applied to his earlier sentence. He claims that the subsequent sentence is barred by the sentencing guidelines and double jeopardy principles. We disagree.

## II.

### Standard of Review

We review de novo the district court's application of the sentencing guidelines. *United States v. Blaize*, 959 F.2d 850, 851 (9th Cir.), *cert. denied*, 504 U.S. 978, 112 S.Ct. 2954, 119 L.Ed.2d 576 (1992). Double jeopardy claims are also reviewed de novo. *United States v. Blount*, 34 F.3d 865, 867 (9th Cir.1994).

## III.

### Discussion

*A. Guidelines Application*

We are called upon to address the proper manner of sentencing under the sentencing guidelines when a defendant has been convicted in separate proceedings of both an

---

1. Jernigan separately appealed his convictions and sentences for these charges, which we affirmed in an unpublished memorandum disposition.

2. At the same time, Jernigan pleaded guilty to and was sentenced for certain gun charges. He does not challenge those sentences.

underlying offense and of failure to appear for trial. The guidelines instruct that a conviction for failure to appear and a conviction on the underlying offense must be grouped together for sentencing purposes. U.S.S.G. § 2J1.6, comment. (n. 3).

> The offense level for that group of closely-related counts will be the offense level for the underlying offense increased by the two level adjustment ..., or the offense level for the obstruction offense, whichever is greater.

U.S.S.G. § 3C1.1, comment. (n. 6). These "grouping" rules apply even in cases, like this one, where the defendant is sentenced at different times for the two separate crimes. Where the sentences are not imposed at the same time, the goal is to arrive at an appropriate incremental punishment for the latter offense "that most nearly approximates the sentence that would have been imposed *had all the sentences been imposed at the same time.*" *See* U.S.S.G. § 5G1.3(c), comment. (n. 3) (emphasis added); *United States v. Lechuga,* 975 F.2d 397, 400–01 (7th Cir.1992) (when a defendant is convicted in separate trials of crimes that would be grouped if they had been consolidated in a one trial, the second trial court should impose a total sentence commensurate with that which the defendant would have received had the offenses been grouped at a single trial).

■ The guidelines therefore require us to determine the applicable sentencing range had the underlying and failure to appear charges been joined in a single trial and grouped for sentencing. The applicable offense level for the group is the enhanced offense level for the underlying counterfeit and conspiracy charges, which is 28, because it is greater than the offense level for the failure to appear charge. U.S.S.G. §§ 2J1.6, comment. (n. 3) and 3C1.1, comment. (n. 6). An offense level of 28 provides a guideline range of 87–108 months. Under § 5G1.3, that is the applicable sentencing range for the two offenses despite the separate sentencing. Accordingly, Jernigan's total combined sentence for both the underlying and failure to appear charges could not exceed 108 months.

Judge Shanstrom imposed concurrent 100-month sentences for the underlying charges. Judge Strand was required to impose a consecutive sentence for the failure to appear charge. *See* 18 U.S.C. § 3146(b)(2); *United States v. Pardo,* 25 F.3d 1187, 1194 (3rd Cir.1994). Judge Strand sentenced Jernigan to 5 months for the failure to appear conviction giving Jernigan a total combined sentence of 105 months. Because the total combined sentence Jernigan received was less than 108 months, the sentence is consistent with the guidelines. *See United States v. Agoro,* 996 F.2d 1288, 1290–91 (1st Cir.1993); *Lechuga,* 975 F.2d at 401.

## B. *Double Jeopardy*

■ The Double Jeopardy Clause protects against multiple punishments for the same offense. *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 306, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984). Jernigan argues that the imposition of a consecutive sentence for his failure to appear on top of his earlier sentence, which included the 2-level enhancement for the same conduct, violates this double jeopardy prohibition. We disagree.

The Supreme Court recently addressed the very issue Jernigan presents: "whether a court violates [the Double Jeopardy Clause] by convicting and sentencing a defendant for a crime when the conduct underlying the crime has been considered in determining a defendant's sentence for a previous conviction." *See Witte v. United States,* —— U.S. ——, ——, 115 S.Ct. 2199, 2201, 132 L.Ed.2d 351 (1995). In *Witte,* the defendant was originally convicted and sentenced for marijuana dealing. In sentencing him for this offense, the district court took into account "other relevant conduct," which included the defendant's cocaine dealing, and departed upward. The resultant sentencing range was higher than it would have been if only the drugs involved in his conviction had been considered, but it was still within the range authorized by statute for that crime. The defendant was subsequently indicted for his cocaine dealing, the same conduct which formed the basis for the upward departure of the marijuana conviction. The defendant ar-

gued that his prosecution and punishment for cocaine dealing would violate double jeopardy. The Court rejected this argument, holding that "where the legislature has authorized such a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction." *Id.* — U.S. at ——, 115 S.Ct. at 2207. Thus, the prosecution for cocaine dealing would not be a second attempt to punish the defendant for the same crime. *Id.*

*Witte* controls this case. Here, the range of punishment authorized by the legislature for the underlying counterfeit conviction is 0 to 10 years, *see* 18 U.S.C. § 473, and for the conspiracy charge is 5 to 40 years, *see* 21 U.S.C. §§ 841(b)(1)(B) and 846. After taking into account Jernigan's failure to appear for trial, Judge Shanstrom imposed concurrent 100–month sentences for those convictions.[3] Because Jernigan's punishment in the first case fell "within the range authorized by statute," his double jeopardy claim necessarily fails.[4]

## IV.

### Conclusion

The judgment of the district court is **AFFIRMED**.

---

**3.** Pursuant to U.S.S.G. § 3D1.2(a), the counterfeit and conspiracy charges were grouped for sentencing purposes. In sentencing Jernigan for the "group", U.S.S.G. § 3D1.3(a) required the district court to use the offense level for the more serious count which, in this case, was the conspiracy count.

**4.** We also note that by properly following the guidelines, the district court ensured that Jernigan would not have the length of his sentence multiplied by duplicative consideration of the same criminal conduct. As mentioned above, where there are separate prosecutions involving the same or overlapping conduct, the guidelines attempt to coordinate the sentences so they approximate the total punishment that would have been imposed had the offenses been tried in a single trial. *See* U.S.S.G. §§ 3C1.1, comment. (n. 6); 5G1.3(c), comment. (n. 3).