68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Freddie HEARD, Appellant.
 No. 95-1532EA.
 United States Court of Appeals, Eighth Circuit.
 Submitted: October 6, 1995.
Filed: October 11, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Freddie Heard appeals his convictions for distribution of cocaine base and aiding and abetting the distribution of cocaine base. Heard challenges the district court's chain of custody and sufficiency of the evidence rulings. We affirm.
 
 
 2
 We conclude the district court did not abuse its discretion in rejecting Heard's chain of custody objection to the admission of cocaine base acquired by an undercover officer. See United States v. Miller, 994 F.2d 441, 443 (8th Cir.1993). The Government presented testimony from the undercover officer, the officer's supervisor, and a government forensic chemist showing the undercover officer marked, sealed, and stored each bag of cocaine base offered into evidence; the officer or the officer's supervisor carried the evidence bags to the crime laboratory for analysis; and the evidence bags were marked, resealed, and returned through certified mail to the police for storage. The undercover officer also testified the cocaine base was in substantially the same condition at trial as when the officer purchased it from Heard. Based on this testimony, we believe the district court properly concluded that an adequate foundation for the cocaine base's admissibility existed. See id.; United States v. Pressley, 978 F.2d 1026, 1028-29 (8th Cir.1992).
 
 
 3
 In reviewing Heard's contention the trial evidence is insufficient to support his convictions, we view the evidence in the light most favorable to the Government. United States v. Patterson, 886 F.2d 217, 218 (8th Cir.1989) (per curiam). "The jury's verdict must be upheld if there is an interpretation of the evidence that would allow a reasonable-minded jury to [conclude Heard is guilty] beyond a reasonable doubt." United States v. Erdman, 953 F.2d 387, 389 (8th Cir.), cert. denied, 505 U.S. 1211 (1992). We find the testimony of the undercover officer and the corroborating testimony of a codefendant who pleaded guilty would permit a reasonable jury to convict Heard of both charges, and we decline Heard's invitation to "reweigh the evidence or determine questions of credibility." Haymon v. Higgins, 846 F.2d 1145, 1147 n. 4 (8th Cir.1988).
 
 
 4
 Accordingly, we affirm Heard's convictions.
 
 
 5
 A true copy.
 
 Attest: