68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Kevin Weil OATES, Appellant.
 No. 95-1657.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 6, 1995.
Filed Oct. 20, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kevin Weil Oates appeals the district court's[1] denial of his motion to suppress, following his conditional guilty plea to controlled substance and firearms charges. We affirm.
 
 
 2
 Oates moved to suppress evidence seized from a Little Rock residence pursuant to a search warrant issued by a state municipal court judge. The warrant application was supported by an affidavit in which a police officer attested that a confidential informant (CI) informed him, inter alia, that a man named Kevin (whom the CI described) was distributing controlled substance at the residence; and that two police reports on file indicated (1) that a man named Kevin (with a description matching that supplied by the CI) was involved in narcotics trafficking in Little Rock, and (2) that narcotics were being distributed from the residence. The officer also attested that the CI had supplied him with information concerning narcotics activity in Little Rock on "at least 20 occasions, and this information was proven correct by other independent sources and personal observations," and that the CI had provided information leading to the arrest and conviction of five individuals for controlled substance offenses.
 
 
 3
 At a suppression hearing, the officer testified that the affidavit contained all the information he had presented to the municipal court judge in applying for the warrant. Oates argued that the affidavit contained insufficient information to enable the municipal court judge to assess the CI's reliability because it did not mention the CI's past involvement in drug trafficking, and it did not indicate the officer made any effort to corroborate the CI, but merely stated the CI had been reliable in the past.
 
 
 4
 The district court concluded there was a reasonable basis for the municipal court judge to find probable cause, and denied Oates's motion. In this timely appeal, Oates expands his argument to assert a challenge under Franks v. Delaware, 438 U.S. 154, 155-56 (1978) (permitting challenge to validity of warrant on ground that no probable cause existed because affiant intentionally or recklessly included false statement in, or omitted material facts from, affidavit). Oates contends the officer knowingly and recklessly included false statements in, and omitted facts from, the warrant affidavit. Specifically, he asserts the officer falsely claimed to have observed the CI's drug purchase. He also asserts the officer failed to note that the police reports cited in the affidavit were based on information provided by the same CI. Oates maintains these errors misled the municipal court judge.
 
 
 5
 We review the denial of Oates's motion to suppress for clear error. See United States v. Clapp, 46 F.3d 795, 799 (8th Cir.
 
 
 6
 1995). Probable cause existed if, based on a practical, common sense evaluation of the totality of the circumstances, there was a fair probability that contraband or evidence of a crime would be found at the Little Rock residence. See United States v. Gladney, 48 F.3d 309, 312 (8th Cir.1995). As the officer provided the municipal court judge with only that information described in the affidavit, the judge had to base his probable cause determination on the information within the affidavit's four corners, see id.; that determination was entitled to substantial deference, see United States v. Williams, 10 F.3d 590, 593 (8th Cir.1993).
 
 
 7
 We conclude the information set forth in the affidavit was sufficiently reliable to support the municipal court judge's finding of probable cause, given the officer's attestation that the CI had a track record of supplying reliable information. See id. (information may be sufficiently reliable to support probable cause finding if provided by person with track record of supplying reliable information).
 
 
 8
 Assuming Oates's Franks challenge is properly before us, we conclude it fails. Oates failed to demonstrate the officer intentionally or recklessly included false information in, or omitted facts from, the affidavit. See Clapp, 46 F.3d at 799 (elements of successful Franks challenge). Even if the affidavit were adjusted according to Oates's complaints, its contents would still be sufficient to establish probable cause, given the CI's reliability. See United States v. Pressley, 978 F.2d 1026, 1027 (8th Cir.1992). The district court did not clearly err in denying Oates's motion to suppress.
 
 
 9
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas