_____

No. 95-3553WM
_____

United States of America,            *
                                     *
          Appellee,                  *
                                     *
     v.                              *
                                     *
Michael D. Whitelaw,                 *
                                     *
          Appellant.                 *

_____                          Appeals from the United States
                                         District Court for the Western
No. 95-3650WM                            District of Missouri.
_____

United States of America,            *
                                     *
          Appellee,                  *
                                     *
     v.                              *
                                     *
Steven Merritt,   *
                                     *
          Appellant.                 *
                          _____

                    Submitted:  April 9, 1996

                      Filed:  June 12, 1996
                          _____

Before FAGG, JOHN R. GIBSON, and BOWMAN, Circuit Judges.
                          _____

FAGG, Circuit Judge.

     Michael D. Whitelaw and Steven Merritt appeal their drug-related
convictions.  We affirm.

     Whitelaw and Merritt contend the district court improperly admitted
a substance into evidence that was seized when they were arrested and later
analyzed as cocaine because the Government

failed to establish a proper chain of custody. We cannot agree. Whitelaw and Merritt do not quarrel with the arresting officer's testimony explaining how he seized, sealed, marked, and stored the packaged substance in a police evidence locker. Likewise, they do not quarrel with the chemist's testimony about how he took the same marked and sealed bag from the crime laboratory vault, tested the substance inside, repackaged the substance and the original bag in another sealed plastic container, and then returned the sealed container to the laboratory vault until trial. Nor do they quarrel with the chemist's courtroom identification of the sealed container and all of its contents, or the arresting officer's testimony the bag he placed in the evidence locker was the same bag that was now inside the chemist's sealed container.

According to Whitelaw and Merritt, the chain of custody is fatally flawed because the Government failed to track the bagged substance from the evidence locker to the crime laboratory. Thus, they argue the custodial evidence does not show the chemist tested the substance seized by the arresting officer. Their argument is foreclosed by our contrary holdings in United States v. Pressley, 978 F.2d 1026, 1028-29 (8th Cir. 1992) and United States v. Glaze, 643 F.2d 549, 552 (8th Cir. 1981) (per curiam). Although the Government could have easily avoided the problem raised in this appeal by merely producing the persons who handled the bag during the gap in the Government's custodial chain, we cannot say the district court abused its discretion in admitting the cocaine over Whitelaw and Merritt's objection. Like the district court, we are satisfied that in all reasonable probability the substance seized by the arresting officer, tested by the chemist, and admitted into evidence is one and the same. See Pressley, 978 F.2d at 1028-29. Indeed, Merritt testified the substance seized by the arresting officer was cocaine, and neither Whitelaw nor Merritt claim the substance was tampered with, altered, or handled in bad faith by the Government. See United States v. Miller, 994 F.2d 441, 443-44 (8th Cir. 1993).

Whitelaw also contends the evidence is insufficient to support the jury's verdict on his drug-related firearm charge.  Although we do not ordinarily consider pro se briefs when a party is represented by counsel, see United States v. Marx, 991 F.2d 1369, 1375 (8th Cir.), cert. denied, 114 S. Ct. 618 (1993), our review of the record shows overwhelming evidence of Whitelaw's guilt.

We thus affirm Whitelaw's and Merritt's convictions.

A true copy.

    Attest:


        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.