95 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Humberto PRADA-CORDERO, Defendant, Appellant.
 No. 96-1189.
 United States Court of Appeals, First Circuit.
 Sept. 6, 1996.
 
 Ramon Garcia on brief for appellant.
 Guillermo Gil, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, and Edwin O. Vazquez-Berrios, Deputy Chief, Criminal Division, on brief for appellee.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Upon careful review of the briefs and record, it clearly appears that no substantial question is presented and that summary disposition is appropriate.
 
 
 2
 Defendant's drug sentence was within the legislatively authorized sentencing range for that offense, and so the subsequent sentence for failure to appear did not constitute double jeopardy, even though the drug sentence included an enhancement for obstruction of justice based on defendant's failure to appear. See United States v. Jernigan, 60 F.3d 562, 564-65 (9th Cir.1995).
 
 
 3
 Further, the total of the two sentences imposed for the drug offense and the failure to appear offense (113 months) was within the applicable sentencing guideline range which would have applied if the two sentences had been imposed in a single proceeding (97 to 121 months). Therefore, the total sentence was consistent with the sentencing guidelines, including U.S.S.G. §§ 2J1.6 Application Note 3 and 3C1.1 Application Note 6, and there was no double counting problem here. Cf. United States v. Agoro, 996 F.2d 1288, 1291 (1st Cir.1993).
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.