United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3808

_____

United States of America,           *
           *
     Appellee,         *
           *  Appeal from the United States
     v.          *  District Court for the
           *  Western District of Arkansas.
Dennis Cordes,          *
           *     [UNPUBLISHED]
     Appellant.       *

_____

Submitted:  June 6, 1997
Filed:  June 18, 1997

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Dennis Cordes appeals the 372-month sentence imposed by the District Court[1] after he pleaded guilty to attempting to manufacture methamphetamine and methcathinone, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994).  Cordes argues for the first time that imposition of an obstruction-of-justice enhancement for having escaped from custody while awaiting sentencing violates the Double Jeopardy Clause

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

because the District Court imposed the enhancement after his conviction in a separate proceeding for escape. We affirm.

We "will not consider an issue raised for the first time on appeal absent a showing of plain error resulting in a miscarriage of justice." United States v. Merritt, 982 F.2d 305, 306-07 (8th Cir. 1992), cert. denied, 508 U.S. 979 (1993). We conclude that the District Court did not commit plain error because Cordes's sentence in the drug case was within the combined statutory limits for the two drug offenses, and thus imposition of the obstruction enhancement in the drug case after Cordes's conviction in the escape case did not violate double jeopardy. See Witte v. United States, 115 S. Ct. 2199, 2206-08 (1995) (holding that use of evidence of related criminal conduct to enhance defendant's sentence does not constitute punishment for that conduct within meaning of Double Jeopardy Clause and that "where the legislature has authorized a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry"); United States v. Bellrichard, 62 F.3d 1046, 1051-52 (8th Cir. 1995) (holding that Witte compelled this court to reject defendant's argument that imposition of sentence based on conduct for which defendant had received obstruction enhancement in previous proceeding violated double jeopardy), cert. denied, 116 S. Ct. 1425 (1996); see also United States v. Jernigan, 60 F.3d 562, 564-65 (9th Cir. 1995).

Although we ordinarily do not consider a pro se brief when a party is represented by counsel, see United States v. Whitelaw, 86 F.3d 788, 789 (8th Cir. 1996), we have reviewed Cordes's pro se submissions and conclude that his arguments are without merit.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.