116 F.3d 481
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Dennis CORDES, Appellant.
 No. 96-3808.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 6, 1997
Filed: June 18, 1997
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis Cordes appeals the 372-month sentence imposed by the District Court[1] after he pleaded guilty to attempting to manufacture methamphetamine and methcathinone, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1994). Cordes argues for the first time that imposition of an obstruction-of-justice enhancement for having escaped from custody while awaiting sentencing violates the Double Jeopardy Clause because the District Court imposed the enhancement after his conviction in a separate proceeding for escape. We affirm.
 
 
 2
 We "will not consider an issue raised for the first time on appeal absent a showing of plain error resulting in a miscarriage of justice." United States v. Merritt, 982 F.2d 305, 306-07 (8th Cir.1992), cert. denied, 508 U.S. 979 (1993). We conclude that the District Court did not commit plain error because Cordes's sentence in the drug case was within the combined statutory limits for the two drug offenses, and thus imposition of the obstruction enhancement in the drug case after Cordes's conviction in the escape case did not violate double jeopardy. See Witte v. United States, 115 S.Ct. 2199, 2206-08 (1995) (holding that use of evidence of related criminal conduct to enhance defendant's sentence does not constitute punishment for that conduct within meaning of Double Jeopardy Clause and that "where the legislature has authorized a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry"); United States v. Bellrichard, 62 F.3d 1046, 1051-52 (8th Cir.1995) (holding that Witte compelled this court to reject defendant's argument that imposition of sentence based on conduct for which defendant had received obstruction enhancement in previous proceeding violated double jeopardy), cert. denied, 116 S.Ct. 1425 (1996); see also United States v. Jernigan, 60 F.3d 562, 564-65 (9th Cir.1995).
 
 
 3
 Although we ordinarily do not consider a pro se brief when a party is represented by counsel, see United States v. Whitelaw, 86 F.3d 788, 789 (8th Cir.1996), we have reviewed Cordes's pro se submissions and conclude that his arguments are without merit.
 
 
 4
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas