# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2392

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Walter Lee Hall, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2002
Filed: April 7, 2003

_____

Before WOLLMAN, HEANEY, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Walter Lee Hall was found guilty by a jury verdict of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2000). Hall was sentenced to 292 months' imprisonment and 8 years' supervised release. Hall appeals his conviction on the grounds that the jury instructions were erroneous. Our jurisdiction is proper pursuant to 28 U.S.C. § 1291 (2000). For the foregoing reasons, we affirm Hall's conviction.

## I.

The jury was given twenty-one instructions on which to base its verdict. Jury

Instruction 15, the challenged instruction, charged the jury with the following:

> The indictment charges that the defendant was a member of one single conspiracy to commit the crime of conspiracy to distribute cocaine.
>
> One of the issues you must decide is whether there were really two or more separate conspiracies.
>
> The government must convince you beyond a reasonable doubt that defendant was a member of the conspiracy charged in the indictment. If the government fails to prove this as to defendant, then you <u>must</u> find that he was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict.
>
> But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of the conspiracy charged in the indictment.

Clerk's R. at 12 (emphasis added).

Hall argues that this instruction was erroneous because the word "must" instructed the jury that it was required to find Hall guilty of some conspiracy, even if it was not the conspiracy charged in the indictment and at issue in the trial. Because Hall did not object to this instruction at trial, we review for plain error. <u>United States v. Webster</u>, 84 F.3d 1056, 1066 (8th Cir. 1996) (citations omitted); <u>see also</u> Fed. R. Crim. P. 52(b). Under this standard of review, we will reverse a conviction only if the error in the instruction "prejudices the party's substantial rights and would result in a miscarriage of justice if left uncorrected." <u>United States v. Yellow Hawk</u>, 276 F.3d 953, 955 (8th Cir. 2002) (citation and internal quotation omitted); <u>see also</u> <u>United States v. Beck</u>, 250 F.3d 1163, 1166 (8th Cir. 2001) ("Plain error review is extremely narrow and is limited to those errors which are so obvious or otherwise flawed as to seriously undermine the fairness, integrity, or public reputation of judicial proceedings." (citations omitted)).

## II.

When a single jury instruction is challenged, that instruction must be reviewed in the context of the entire charge. United States v. Pinque, 234 F.3d 374, 377 (8th Cir. 2000) (citation omitted); see also Crimm v. Mo. Pac. R.R., 750 F.2d 703, 711 (8th Cir. 1984) ("Where the instructions, considered as a whole, adequately and sufficiently state the generally applicable law, the fact that the instructions are technically imperfect or are not a model of clarity does not render the charge erroneous." (citations and internal quotation omitted)).

Considering this challenged instruction in light of the jury instructions as a whole, it is impossible to see how the jury could have applied the instructions unconstitutionally. First, the contested statement was immediately preceded and followed by statements referring to the "conspiracy charged in the indictment." The challenged instruction even provided, "Proof that a defendant was a member of some other conspiracy is not enough to convict." In addition, other instructions informed the jury that conspiracy to distribute cocaine was the conspiracy charged in the indictment and outlined the elements that the government was required to prove to establish Hall's guilt of the conspiracy.

Moreover, the district court was correct in describing the inclusion of the word "must" in the challenged instruction as a "scrivener's error." Such mistakes do not constitute plain error where the instructions as a whole adequately explain the applicable charge. See United States v. Woodard, 315 F.3d 1000, 1005 (8th Cir. 2003) (finding no plain error despite the undisputed omission of a portion of one of the elements of the conspiracy offense in the jury instructions where the jury charge and record as a whole revealed that the jury was "adequately informed of the necessity of finding [the defendant] committed one or more of the overt acts in furtherance of the conspiracy").

These instructions, when considered as a whole, provide that any guilty verdict outside the parameters of the "conspiracy charged in the indictment" was precluded, despite the "scrivener's error." Therefore, we hold that Hall's substantial rights were not affected by the jury instructions, and we affirm Hall's conviction.

## III.

For the aforementioned reasons, we affirm Hall's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.