**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mitchell James CHANDLER,**
**Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Mitchell James Chandler,**
**Defendant–Appellant.**

Nos. 06–30178, 06–30415.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2007.

Filed May 18, 2007.

**704**

Marcia Good Hurd, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Kelly J. Varnes, Esq., Hendrickson Everson Noennig & Woodward, PC, Billings, MT, for Defendant–Appellant.

Before: RYMER, GRABER, and BEA, Circuit Judges.

MEMORANDUM *

In No. 06–30178, Defendant Mitchell Chandler appeals the district court's denial of a motion to withdraw his guilty plea to a charge of second-degree murder, and he appeals his sentence. In No. 06–30415, Defendant brings an interlocutory appeal of the district court's denial of a motion to dismiss the indictment for attempted escape. We affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ 1. The district court did not abuse its discretion in denying Defendant's motion to withdraw his plea under Rule 11(d) of the Federal Rules of Criminal Procedure. *See United States v. Garcia,* 401 F.3d 1008, 1011 (9th Cir.2005) (reviewing for abuse of discretion). The district court correctly found that the plea colloquy was adequate because, although Defendant expressed some initial hesitation about whether he acted with "malice aforethought," the record demonstrates that he ultimately made an "informed and intelligent" plea. *United States v. Barrios–Gutierrez,* 255 F.3d 1024, 1028 (9th Cir.2001) (en banc). The district court did not abuse its discretion in rejecting Defendant's arguments about ineffective assistance of counsel and about purported "new evidence." The district court's rejection of Defendant's unsubstantiated testimony in favor of the testimony of Defendant's previous lawyer and the investigator was not clearly erroneous. *United States v. Nostratis,* 321 F.3d 1206, 1211 (9th Cir.2003).

■ 2. The district court did not err in imposing an obstruction-of-justice enhancement pursuant to U.S.S.G. § 3C1.1. Defendant admits that he slipped out of his belly chain, kicked out the window of the transport van, and was half-way out of the van when ordered at gunpoint to stop. The district court did not abuse its discretion in concluding that Defendant's actions constituted an attempted escape. *See United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir.2005) (reviewing for abuse of discretion).

■ Nor did the district court err in denying an adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. because nothing in the record compels the conclusion that Defendant's case is "extraordinary." *See* U.S.S.G. § 3E1.1 cmt. n. 4.; *United States v. Hopper,* 27 F.3d 378, 381–82 (9th Cir.1994) (reviewing for clear error). A defendant who attempts to escape is clearly not accepting responsibility for his crime. Chandler's attempted escape is inconsistent with his earlier guilty plea.[1] Further, although the prosecution did not recommend an adjustment for acceptance of responsibility at the hearing, the district judge indicated at the sentencing hearing that he had read the plea agreement and understood that it provided for such a recommendation. Nevertheless, under Paragraph 12(c) of the plea agreement, the parties agreed that the district court was not bound by the terms of the plea agreement nor by any recommendation of either party. Therefore, even if the prosecution had recommended the downward adjustment for acceptance of responsibility, the district court was not bound to follow such recommendation.

Defendant's final argument, that he is entitled to the one-point acceptance of responsibility adjustment whether or not he receives the two-point adjustment, contravenes the plain text of U.S.S.G. § 3E1.1(b).

■ 3. The government did not breach the obligation in the plea agreement to recommend that Chandler be given an acceptance of responsibility adjustment by commenting upon an obstruction of justice enhancement and its effect on the adjust-

---

1. *See* U.S.S.G. § 3E1.1 Background Notes (stating that a defendant who has accepted responsibility is one who "has accepted responsibility in a way that ensures the certainty of his just punishment in a timely manner, thereby appropriately meriting an additional reduction"); *see also* U.S.S.G.

§ 1B1.3(a)(1)(B) (stating that, in determining the application of the Guidelines, a district judge may consider relevant conduct by the defendant "in the course of attempting to avoid detection or responsibility for that offense").

ment for accepting responsibility. *See United States v. Camarillo–Tello,* 236 F.3d 1024, 1026 (9th Cir.2001) (reviewing de novo whether the government breached the plea agreement). The prosecution's right to comment on obstruction of justice and the effect such obstruction had on an adjustment for acceptance of responsibility was reserved by Paragraphs 12(a) and (c) of the plea agreement. Cf. *id.* at 1027 (holding, in a case without provisions comparable to Paragraphs 12(a) and (c), that a promise to recommend a departure is not fulfilled if, while making the recommendation, the prosecutor contradicts that recommendation with statements indicating a preference for a harsher sentence). The government's statement in support of the amended PSR and addendum was provoked by Chandler's attempted escape the day before sentencing was originally set. Cf. *United States v. Mondragon,* 228 F.3d 978, 980 (9th Cir.2000) (contrasting comments that provide new information with comments made only for the purpose of influencing the court to impose a harsher sentence). Chandler's attempted escape led the Probation Office to recommend, and the district court to impose, an enhancement for obstruction of justice. U.S.S.G. § 3C1.1. This in turn meant Chandler was eligible for a downward adjustment for an acceptance of responsibility only if his case was "extraordinary." U.S.S.G. § 3E1.1 cmt. n. 4 (providing that conduct resulting in an enhancement under § 3C1.1 [for obstructing justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct, but that there may be "extraordinary cases" in which adjustments under both §§ 3C1.1 and 3E1.1 may apply). As Chandler concedes, the government was not obliged to refrain from recommending an obstruction of justice enhancement, nor

was it required by the plea agreement to argue that Chandler's case was "extraordinary" so as to qualify for an acceptance of responsibility adjustment despite the enhancement. In any event, the district court indicated that it understood what the government was bound by the plea agreement to do, took that as the government's recommendation, and rejected it. In these circumstances, there was no breach.

■ 4. The separate prosecution of Defendant for attempted escape under 18 U.S.C. § 751(a) violates neither the Double Jeopardy Clause nor "fundamental fairness." [2] The argument that Defendant's prosecution is barred by the Double Jeopardy Clause is foreclosed by *Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), and *United States v. Jernigan,* 60 F.3d 562 (9th Cir.1995). The *prosecution* of Defendant does not raise issues of "fundamental fairness." If Defendant eventually is convicted of escape and if he is sentenced without the benefit of the mitigating provisions of U.S.S.G. § 5G1.3, he will be free to raise any "fundamental fairness" arguments at that time. We do not express any view on that issue here.

**AFFIRMED.**

GRABER, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority on all points save one. I would hold that the government breached its obligation in the plea agreement to recommend an adjustment for acceptance of responsibility and, therefore, would remand for resentencing in case No. 06–30178.

In my view, this case is controlled by *United States v. Mondragon,* 228 F.3d 978 (9th Cir.2000), and *United States v. Camarillo–Tello,* 236 F.3d 1024 (9th Cir.

---

**2.** At oral argument, Defendant's counsel withdrew his earlier collateral estoppel argument.

2001). The plea agreement states unequivocally that "[t]he United States will recommend" an adjustment for acceptance of responsibility. It is undisputed that the government never made such a recommendation. *See Mondragon*, 228 F.3d at 980 (holding that "the government is held to the literal terms of the [plea] agreement"). To the contrary, the government recommended at sentencing that the district court follow the probation officer's presentence report, which recommended that no adjustment be given for acceptance of responsibility. *See Camarillo–Tello*, 236 F.3d at 1028 (holding that the government's previous recommendation in accord with the plea agreement was "undercut ... by the government's affirmative statement in support of the probation officer's [contrary] recommendation").

Defendant's attempted escape altered the legal standard that Defendant had to meet to merit an acceptance-of-responsibility adjustment, but it created no absolute legal bar to receiving the adjustment. *See* U.S.S.G. § 3E1.1 cmt. n. 4 ("Conduct resulting in an [obstruction of justice] enhancement ... *ordinarily* indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which *adjustments under both §§ 3C1.1 and 3E1.1 may apply.*" (emphasis added)). Furthermore, Defendant's attempted escape in no way altered the government's unconditional obligation to make the recommendation. "A plea agreement is a contract." *Mondragon*, 228 F.3d at 980. The government was free to negotiate for a conditional promise, *see United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir.2001) (finding no breach due to the conditional nature of the government's promise in a plea agreement), or to withdraw from the plea agreement in the face of changed circumstances, cf. *United States v. Hawley*, 93 F.3d 682, 693 (10th Cir.1996) ("If at a later date the government discovers facts [undercutting the basis for the plea agreement], it has the ethical obligation to withdraw from the plea agreement and advise the defendant so that he or she may prepare for trial or renegotiate. It is certainly not proper for the government to wait until the sentencing hearing [and] then breach the terms of the plea agreement...."). The government did neither in this case. At all events, the government did not expressly rely on the change in circumstances to back away from its promise.

For these reasons, I respectfully dissent from the majority's conclusion that the government did not breach the plea agreement.