# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1849

_____

United States of America,            *
                                     *

           Appellee,         *
                                     *   Appeal from the United States

     v.                   *   District Court for the Western
                                   *   District of Missouri.

Billy Boyd Thompson,       *

                                   *   [UNPUBLISHED]

          Appellant.      *

_____

Submitted:  February 4, 2010
Filed:  February 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Billy Boyd Thompson appeals the district court's[1] judgment, entered after a jury found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 46 months in prison. Thompson's counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), and Thompson has filed a pro se brief. For the reasons that follow, we affirm.

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

Counsel first argues that the jury instructions did not require the jury to find that Thompson knew the firearm had traveled in interstate commerce, and such knowledge was required after Staples v. United States, 511 U.S. 600 (1994), and Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009). Because Thompson did not object to the jury instructions, we review for plain error. See United States v. Hall, 325 F.3d 980, 981-82 (8th Cir. 2003). We hold that the district court did not err, plainly or otherwise, in instructing the jury on the elements of the crime. See United States v. Seward, 583 F.3d 1045, 1047 n.3 (8th Cir. 2009) (to establish § 922(g)(1) violation, government must prove defendant had previously been convicted of felony, defendant knowingly possessed firearm, and firearm was in or affected interstate commerce). The interstate commerce nexus in section 922(g) merely provides the basis for federal jurisdiction, see United States v. Schmidt, 571 F.3d 743, 746-47 (8th Cir. 2009), and knowledge of this element is not required, see United States v. Rose, 587 F.3d 695, 705-06 (5th Cir. 2009) (Flores-Figueroa does not modify proof required for § 922(g)(1) conviction); cf. United States v. Rehak, 589 F.3d 965, 974-75 (8th Cir. 2009) (Flores-Figueroa does not change mens rea requirement for theft-of-government-property conviction under 18 U.S.C. § 641; government is not required to prove property was owned by United States, as its ownership merely provides basis for federal jurisdiction). Because knowledge of the interstate nexus was not required, counsel's related insufficient-evidence argument likewise fails.

Also unavailing is counsel's argument that the indictment was erroneous because the grand jury did not have truthful evidence that the firearm had been test fired and was in working order. See United States v. Williams, 577 F.3d 878, 882 (8th Cir. 2009) ("We have repeatedly rejected the contention that a firearm needs to be operable in order to support a conviction under . . . § 922."). Counsel argues relatedly that the firearm should have been suppressed because the grand jury was informed that it would fire when it had not been test fired, there had been no chain of custody records, and the indictment did not list the serial number. Reviewing for plain error, as Thompson did not object when the firearm was admitted, see United States

v. Jolivet, 224 F.3d 902, 905-06 (8th Cir. 2000), we hold that the testimony of Officer Walter Hesemann that he recognized the firearm presented in court as the one he had taken from Thompson's person, and that he recorded its serial number in his report on the date of the incident, provided sufficient foundation for admission of the firearm, see United States v. Miller, 994 F.2d 441, 443 (8th Cir. 1993) (foundation requirements where physical object is offered as evidence in criminal prosecution). Moreover, the indictment sufficiently apprised Thompson of the nature of the charge against him without the serial number of the firearm. Cf. United States v. Clark, 701 F.2d 68, 70 (8th Cir. 1983) (per curiam) (indictment that did not contain serial number of stolen vehicle was sufficient).

Counsel further argues that Thompson's rights were violated because he was not provided access to all discovery or a law library after he was granted permission to represent himself. As to discovery, the government informed the court that Thompson had been given full access, and Thompson does not indicate what evidence he was denied; thus, the district court did not abuse its discretion in declining to dismiss the indictment for an alleged discovery violation. See United States v. DeCoteau, 186 F.3d 1008, 1009-10 (8th Cir. 1999) (reviewing for abuse of discretion district court's decision to sanction government for discovery violations; dismissal of indictment for discovery violation is appropriate only if government's conduct has substantially prejudiced defendant). As to the alleged inadequate library access, Thompson cannot show that he was prejudiced, as there is no indication that he received inadequate assistance from his standby counsel, who took over full representation for cross-examination of the first witness and remained as full counsel throughout trial, and Thompson was appointed new counsel for sentencing. See United States v. Kind, 194 F.3d 900, 905 (8th Cir. 1999) (pro se defendant has right of access to adequate law libraries or adequate assistance from persons trained in law, but must demonstrate that any alleged shortcomings prejudiced his defense).

Thompson's pro se claims of ineffective assistance are not properly before the court, see United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007), and his remaining claims are without merit.

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.  Accordingly, the judgment is affirmed.  We also grant counsel leave to withdraw, and we deny Thompson's pending motion.

_____