**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10062 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-8093-PCT-DLR |
| v. | MEMORANDUM* |
| NORMAN GEORGE BEGAY, JR., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Donald L. Rayes, District Judge, Presiding

Submitted March 17, 2016**
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges, and HELLERSTEIN,*** Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Norman Begay entered a guilty plea, pursuant to a plea agreement with the government on one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), and received a sentence of 84 months imprisonment. Begay raises two challenges to his sentence. He argues that the district court erred by denying a downward adjustment in applying the Sentencing Guidelines, and that the prosecutor breached the plea agreement.

1.      Begay contends the district court erred by denying a downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, finding that Begay's pre-sentencing escape from a treatment center demonstrated a failure to accept responsibility for the offense. The district court's legal interpretation of the guidelines is reviewed de novo and its related factual findings for clear error. *United States v. Jennings*, 711 F.3d 1144, 1146 (9th Cir. 2013). "There is an intracircuit split as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion." *United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014) (citing *United States v. Swank*, 676 F.3d 919, 921-22 (9th Cir. 2012)). "There is no need to resolve this split where, as here, the choice of the standard does not affect the outcome of the case." *Id.*

Under either a de novo or abuse of discretion standard, the district court correctly concluded that an escape from a treatment center to which Begay had

been ordered as a condition of release, after his entry of a guilty plea and before sentencing, demonstrated a lack of acceptance of responsibility. The comments to the guidelines provide that entry of a guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1, cmt. n.3. A defendant's escape from custody is such inconsistent conduct, for "[a] defendant who attempts to escape is clearly not accepting responsibility for his crime." *See United States v. Chandler*, 232 F. App'x. 703, 705 (9th Cir. 2007). Escaping during the process of punishment is inconsistent with acceptance of responsibility, for "the certainty of . . . just punishment in a timely manner" is no longer assured. *Id.* at 706 n.1 (quoting U.S.S.G. § 3E1.1, Background Notes). The nature of Begay's escape, from a treatment facility rather than from traditional confinement, does not change this analysis. We have previously treated a defendant's escape from a treatment facility, "after he agreed to conditions of release specified by the district court," as analogous to an escape from jail. *United States v. Draper*, 996 F.2d 982, 986 (9th Cir. 1993).[1] "Regardless of whether he escaped from 'custody' in any technical sense of the

---

[1] Though *Draper* addressed a district court's imposition of an upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1, its analysis is also applicable to a district court's refusal to grant a downward adjustment for acceptance of responsibility under § 3E1.1. *See* U.S.S.G. § 3E1.1, cmt. n.4 ("Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.").

word, [the defendant] undoubtedly 'attempt[ed] to escape justice' after having been submitted to process." *Id*. (quoting *United States v. Mondello*, 927 F.2d 1463, 1467 n.4 (9th Cir. 1991)).

2.     Begay also argues that the government breached the plea agreement by arguing at the sentencing hearing that Begay was not entitled to the downward adjustment for an acceptance of responsibility based on this conduct. *See* U.S.S.G. § 3E1.1. "We have not been entirely consistent in our standards for reviewing a claim that the government breached a plea agreement." *United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012) (citing cases analyzing the question both de novo and for clear error). But because "the result [here] is the same under either standard, . . . we need not resolve the inconsistency." *Id.* (citing *United States v. Ellis*, 641 F.3d 411, 417 (9th Cir. 2011)). According to the terms of the plea agreement, the government was obligated to recommend the downward adjustment "[i]f the defendant makes a full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing." The government had no obligation to recommend the downward adjustment where, as here, the defendant had not satisfied the condition of acceptance of responsibility imposed on the

4

government's recommendation.

**AFFIRMED.**